## SKINNER vs. ELLINGTON.

1. Unless a case is made, setting forth the questions of fact, as of law, upon which a review was asked, with the evidence applicable to such questions, as is required by the 3rd section of article 15 of the Practice Act, the decision of the court below alone will be looked to, and if the facts found warrant the conclusions of law pronounced by the court, the judgment rendered thereon will be affirmed.

2. The code designs, in the proceeding to obtain a review, to have the distinct question of fact, as of law, upon which the review is sought, stated in the application, and then to have a case made in which the evidence, material to that question, shall be stated.

### APPEAL from the Platte Circuit Court.

A. LEONARD, for appellant.

1st. The finding of the facts by the court was against the evidence.

2nd. The court erred in its rulings of the law of the case.

3rd. The judgment is not warranted by the facts found by the court.

## S. L. LEONARD, for respondent.

1. The appellant failed to present his case for review before the circuit court as required by the statute. Recent Practice Act, article 15, sec. 3; and he is not entitled to be heard in this court.

2. If mistaken in this, still the circuit court decided the law correctly.

3. There was no error in the circuit court in finding the facts.

4. There was no error in the circuit court materially affecting the merits of the action. Article 19, sec. 17, recent Practice Act.

GAMBLE J., delivered the opinion of the court.

Skinner brought a civil action against Ellington, stating in his petition his ground of action in different forms, and claiming different sums of money as one or the other of the alternative statements of facts might be established. The defendant, Ellington, answered, and the parties proceeded to trial before the court, each party waiving a trial by jury. The court having heard the evidence, made a decision as required by the code of practice : first stating the facts found, and then the conclusion of law upon the facts, and upon this decision the judgment was rendered in favor of the plaintiff for a less sum than he claimed. At the trial, instructions in the same form as used in jury trials were asked by each party. All asked by plaintiff were given, and of the defendant's some were given and others refused. After the decision of the court, a motion was made for a new trial in the form used in our former practice, assigning the usual reasons. Among the reasons, are the two, that the finding of the court was contrary to evidence, and that the court had given improper instructions for defendant. There was no case made setting forth the questions of fact or of law, upon which a review was asked with the evidence applicable to such questions as is required by the 3rd section of article 15 of the Practice Act.

In this condition of the record, this court can only look to the decision of the court, and if the facts found warrant the conclusion of law pronounced by the court, the judgement rendered thereon must be affirmed. The correctness of the conclusion drawn by the court from the facts is not disputed seriously, and if it were, there is no doubt entertained of its correctness.

The code designs in the proceedings to obtain a review, to have the distinct question of fact or of law upon which the review is sought,

stated in the application, and then to have a case made in which the evidence material to that question shall be stated.

The dangers of mistake in preparing a case, and the difficulties attending the preservation of the questions of law, would seem to recommend the use of a jury in every really disputed case.

The judgment is affirmed.