Holmes v. Braidwood.

Holmes *et al.* v. Braidwood; Huiskamp *et al.*, *Interpleaders, Appellants.*

1. **Practice in Supreme Court**: EVIDENCE: EXCEPTIONS. The Supreme Court will not review the action of the trial court in admitting evidence, unless the bill of exceptions states the specific objection made to it, and clearly shows the fact or point in evidence which was the basis of the objection.

2. **Conveyance in Fraud of Creditors**: EVIDENCE. The acts and declarations of a debtor charged with the execution of a conveyance in fraud of creditors, made in the absence of the grantee, are admissible in evidence to prove the fraudulent purpose of the debtor.

3. ———— : ————. Knowledge on the part of the grantee of such fraudulent purpose of the debtor, may be shown by any circumstances tending to show participation in the designs of the latter, and without proving the grantee's knowledge of particular acts and declarations so made by the grantor.

4. ———— : PARTICIPATION IN BY GRANTEE. The mere knowledge of a creditor, who takes his goods in payment of an existing *bona fide* debt, of a desire and purpose of a debtor in making the sale to delay his other creditors, is not sufficient to invalidate the transfer. It must further appear that the creditor participated in the fraud, as that there was a purpose on his part, beyond the mere effort to collect his own debt, to aid the debtor in defeating or delaying his other creditors, or to protect the debtor as well as himself.

5. **Instructions**: ESTOPPEL. Appellant cannot complain of an error in an instruction given for the opposite party, when his own instructions contain the same error.

6. **Verdict**: CLERICAL ERROR. A clerical error, and which is harmless, in drafting a verdict, will be disregarded.

*Appeal from Grundy Circuit Court.*—Hon. G. D. Burgess, Judge.

Affirmed.

*Hagerman, McCrary & Hagerman* for appellants.

The court erred in saying to the jury that if the Huiskamps had knowledge of Braidwood's intent to defraud the conveyance was fraudulent. It was admitted that interpleaders were in good faith creditors. In such case a

mere knowledge of a fraudulent intent on the part of the grantor does not avoid the conveyance. The grantee must participate in the fraud. This is the modern and now well settled rule. *Shelley v. Boothe*, 73 Mo. 74; *Kohn v. Clement*, 58 Ia. 589; *Anderson v. Warner*, 5 Ill. App. 416; *Butler v. White*, 25 Minn. 432; *Olmstead v. Mattison*, 45 Mich. 617. Knowledge of the vendee only avoids the transfer where there is a new purchase, and it cuts no figure where the transfer is to secure or pay debt. The suit was begun by George P. Holmes & Co.; the verdict was for George Holmes, and the judgment was for George P. Holmes & Co. This was unwarranted, as no substitution was made, and the question was directly raised by the motions for new trial and in arrest. The evidence offered by respondent, consisting of conversations between respondent's counsel and defendant's counsel, was inadmissible. Declarations of a grantor are only admissible on two grounds: That they are part of the *res gestae*, (Bump on Fraud. Con., (2 Ed.) 563,) or that it is explanation of the possession. *Ib.,* 569; Burrill on Assign., (4 Ed.) 613. These authorities show that the declaration must be made before the sale.

*George Hall* for respondents.

The instructions declared the law correctly. *Noble v. Blount*, 77 Mo. 235; *Blewett v. Railroad Co.*, 72 Mo. 583; *Stale v. Hopper*, 71 Mo. 425. Appellants cannot complain of an error in respondents' instruction which they helped to produce, and which is also contained in their own instructions. *Noble v. Blount, supra; Davis v. Brown*, 67 Mo. 313; *Leabo v. Goode*, 67 Mo. 126; *Ames v. Gilmore*, 59 Mo. 80. A conveyance which is void in part as being given to hinder, delay or defraud creditors, is void *in toto*. *Hyslop v. Clark*, 14 Johns. 464; *Werden v. Howes*, 10 Conn. 50; *Tickner v. Wiswell*, 9 Ala. 305; *Goodrich v. Downs*, 6 Hill 438; *Rosswell v. Winne*, 37 N. Y. 591; *Daugherty v. Cooper*, 77 Mo. 528. The alleged error as to the verdict is without

merit. *Neil v. Dillon*, 3 Mo. 59. The court did not err in admitting the evidence offered by plaintiffs as to the conversation between the defendant Braidwood and plaintiffs' attorney. *Exchange B'k v. Russell*, 50 Mo. 531; *Burgert v. Borchert*, 59 Mo. 80.

PHILIPS, C.—This action was instituted in a justice's court. Plaintiffs brought action by attachment under which certain goods were seized as the property of defendant, Braidwood. Huiskamp & Bro., partners, interpleaded, claiming to be the owners of the goods. On trial had in the justice's court, the issues were found for the plaintiffs. Interpleaders appealed to the circuit court, where on trial *de novo*, the plaintiffs again obtained a verdict and judgment, from which interpleaders prosecute this appeal.

The evidence on the part of interpleaders tended to show, in fact it was admitted by plaintiffs, that at and before the date of the attachment Braidwood was largely indebted to interpleaders. The evidence of interpleaders further showed that said debtor, prior to the attachment, turned over said goods to them under a written bill of sale in payment of said indebtedness and for the benefit of one Mrs. Lambert, and that interpleaders had taken possession of the goods.

The evidence on the part of plaintiffs, so recites the bill of exceptions, "tended to show that the bill of sale was executed and the goods in controversy turned over by Braidwood to interpleaders with intent to hinder, delay and defraud his creditors, and that Huiskamp & Bro., interpleaders, had knowledge of such intent. Plaintiffs, also, introduced evidence tending to show that at the time their note, upon which suit was brought and writ of attachment issued against said defendant, Braidwood, was presented to defendant, Braidwood, for payment, which was before the sale of the goods to interpleaders; defendant, Braidwood, promised and agreed with Judge Hall, who represented said notes for plaintiffs, that he would advise with interpleaders,

as they held the largest claim against him, and before he did anything further with his goods, let him know what interpleaders said concerning the payment thereof; that he, Braidwood, also, said that he did write a letter to interpleaders about the payment thereof, but that interpleaders made no reply thereto; that defendant did not advise plaintiffs that he had not heard from interpleaders before selling and transferring the goods to them. To this evidence interpleaders objected without avail.

I. The first error in the order of trial assigned by appellants is as to the competency of the statements made by Braidwood to plaintiffs. It is conceded by interpleaders that a part of this conversation was anterior to the sale of the goods by Braidwood to them, but they claim that a portion of it was subsequent thereto. That any portion of this conversation was subsequent to the sale, counsel for interpleaders admit is only inferable from the latter clause of this evidence, to-wit: "That defendant did not advise plaintiffs that he had not heard from interpleaders before selling and transferring the goods to them." This language is equivocal. It asserts merely a negative proposition that might well consist with the antecedent statement that interpleaders had made no reply to his letter before the sale. At all events, we hold that when a party thus complains of error in the ruling of the trial court his bill of exceptions should not only show the specific objection made, but the fact in evidence relied on as its basis should be so palpably brought out and preserved, as to make it obvious without strained and doubtful inference as to what the point and facts were before the court. Otherwise the trial court may pass on one matter or point and this court reverse for error on another. *Roussin v. Ins. Co.*, 15 Mo. 244; *Skinner v. Ellington*, 15 Mo. 488. An examination of the specific objections urged at the trial against the admissibility of this evidence, satisfies my mind of the correctness of the foregoing observation. The objections were :

1st, That it being a contract or conversation between

defendant and plaintiffs' attorney, and not in the presence of interpleaders, they could not be bound or their interest affected by it. 2nd, That the defendant could not bind interpleaders by act or disclosures, not made in their presence or to their knowledge. 3rd, A part of said conversation being as to the contents of some writing, the writing itself was the best evidence, and until it was shown to be lost or some notice given to interpleaders to produce it, parol evidence could not be introduced as to the contents thereof.

No imputation was made upon any part of the statement as occurring subsequent to the sale, and no discrimination is made between such as occurred prior and subsequent. But the objection went to the whole statement on the broad and single ground that the interpleaders were not present nor consenting thereto. The evidence, we think, was admissible. It was certainly competent as against Braidwood, the common debtor. One of the issues, and an essential one involved in the inquiry, was the conduct, the motive, of Braidwood. Was the transfer made by him with a fraudulent intent towards his other creditors? His fraud was the initial step in the development of the plaintiffs' defense to the interplea. If the debtor was guilty of no fraud, the plaintiffs' cause was ended, regardless of the motive and conduct of the purchaser. True it is, the plaintiffs should follow up the proof of the debtor's fraud with evidence of the interpleaders' fraud in making the purchase of the goods; but the evidence to establish the two propositions may be different in kind and independent in source. "Evidence in regard to the conduct and fraud of the debtor, prior to the transfer, is admissible to prove the fraud on his part, and if this is proved the knowledg of it on the part of the grantee may be proved by any circumstances tending to show a participation in the designs of the debtor. The acts and declarations may be proved without proving knowledge on the part of the grantee, of the particular

acts and declarations from which the fraudulent intent is to be inferred. The competency of such evidence does not depend upon the time when the act was done or the declaration made. If the act or declaration is so connected with the main fact under consideration as to explain its character, further its object or to form in conjunction with it one continuous transaction, the evidence is admissible without regard to the time when the act was done or the declaration was made." Bump's Fraud. Con., (3 Ed.) 582, 583. As against the fraudulent grantor, his acts and declarations are always competent. *Hairgrove v. Millington*, 8 Kas. 480 ; *Gamble v. Johnson*, 9 Mo. 597. It may be conceded that the purchaser, under such circumstances, is entitled to a declaration from the court advising the jury of the proper limitation and scope of such evidence. But instead of this course the interpleaders, both in their objection to the testimony and their instruction, asked the court to wholly exclude it from their consideration for any purpose, unless interpleaders were present when the statement was made. The court, therefore, did rignt in refusing the declaration as asked. *Stowell v. Hazelett*, 66 N. Y. 635.

II. The following instruction, given on behalf of plaintiff, is complained of by appellants:

1. Although the jury may believe from the evidence that James H. Braidwood executed the bill of sale to Huiskamp & Bro., read in evidence, transferring to them the goods in controversy, and at the time of the execution of the same was indebted to the Huiskamp Bros., yet if they further find from the evidence that the same was executed for the purpose of hindering, delaying or defrauding said Braidwood's creditors, or any of them, with the knowledge or consent of said Huiskamp Bros., then the jury must find for plaintiffs.

The criticism now made upon the instruction is, that it authorized the jury to find the issues for the plaintiffs if they believed that Braidwood made the sale to defraud his other creditors, and interpleaders had knowledge thereof

at the time of the transfer. The well settled law now is, that the mere knowledge of the creditor, who takes his debtor's goods in payment of an existing *bona fide* debt, of a desire and purpose of the debtor in making the sale to hinder and delay his other creditors, is not sufficient to invalidate the transfer. It must further appear from the facts or attendant circumstances of the transaction that the preferred creditor, in some way, participated in the fraud, as that there was a purpose, beyond the mere effort to collect his own debt, to aid the debtor in defeating, delaying, etc., his other creditors, or to protect the debtor as well as himself. *Shelley v. Boothe*, 73 Mo. 74; *Kohn v. Clement*, 58 Ia. 589; *Butler v. White*, 25 Minn. 432; Bump's Fraud. Con., (3 Ed.) 582.

The instruction, therefore, standing alone would be bad. But there is another fact appearing in this record which, I hold, extracts the sting of the error, or at least neutralizes it. The interpleaders asked and the court gave the following instruction:

8. Although the jury may believe that James H. Braidwood, at the time of conveying the goods in controversy to interpleaders, did so with the intent to hinder, delay or defraud his other creditors, yet before the jury can find such conveyance was a fraudulent conveyance, they must find from the evidence that the interpleaders participated in or had knowledge of such fraudulent intention of said Braidwood.

The implied direction of this instruction to the jury was, that they could find for the plaintiffs if they believed from the evidence "that the interpleaders participated in or had knowledge of the fraudulent intent of said Braidwood." It is in the disjunctive; either participation in or mere knowledge of the debtor's fraud by the interpleaders, the jury are told, would vitiate the sale in question, and now interpleaders come here assigning for error of the court that it conceded to plaintiffs what they themselves invited the court to do. We had occasion in *Noble v. Blount*, 77 Mo.

235, to pass upon a similar question. It was there held that a party cannot assign for error by objecting here " to a technical blunder which he waived on the trial by adopting the error." It is an apposite instance where, if ever, the maxim might be applied, *communis error facit jus.* As Parker, C. J., in *Slack v. Lyon,* 9 Pick. 65, said: The party " shall not tread back and trip up the heels of the plaintiff on a defect which he would seem thus purposely to have omitted to notice in the outset of the controversy."

It is manifest to my mind from a review of the trial, that both court and opposing counsel tried the case on the theory that it was enough to destroy the interpleaders' cause that it should be found by the jury that interpleaders had knowledge of the fraudulent purpose of the debtor. But neither party can be heard to demand a reversal for an error which he invited. The question was likewise presented for determination in *Walker v. Owen,* 79 Mo. 563, 568. There it was insisted that the judgment of the court below should be affirmed, notwithstanding improper instructions given at the instance of only one of the parties, because the record failed to show that plaintiff had adduced a perfect title as the basis of his right of recovery. But it was held that, inasmuch as both parties had tried the case on the theory of the sufficiency of the title adduced by plaintiff, the respondent " is not entitled to an affirmance of his judgment on a theory not tried below. It would be an act of gross injustice to plaintiff to affirm this judgment," says Winslow, C., " on a question that has never yet been decided in the court, when she was denied a recovery on the sole ground that the contract on which she relied was absolutely void because not signed by the defendant. Respondent must stand or fall in this court by the theory on which he tried and submitted his case in the court below," .citing *Whetstone v. Shaw,* 70 Mo. 575.

III. We are, also, asked to set aside the verdict of the jury because there was not sufficient evidence of the fraud on the part of the interpleaders to sustain it.

Cautious as the bench should ever be not to trench upon the province of the jury as triers of the facts, we cannot hesitate in this instance to decline the invitation of counsel where he has not preserved in the bill of exceptions the evidence in full. There is only a synopsis of the evidence with the statement that it tended to prove certain propositions.

IV. It is finally urged against the judgment that it does not follow the verdict of the jury. The plaintiffs to the action are entitled "George P. Holmes & Co.," whereas the bill of exceptions recites that the verdict runs thus: "We, the jury, find for the defendant in the interplea, George P. Holmes." But the verdict as copied in the judgment runs: "We, the jury, find for the defendant in the interplea, Geo. P. Holmes & Co.," and the judgment is accordingly entered up in the name of George P. Holmes & Co. Whether this is a partnership composed of two or more names, or the firm of a single person, is not disclosed. Be this, however, as it may, the imputed error or variance is manifestly a mere clerical error in drafting the verdict by the jury or the framer of the bill of exceptions. It was entirely harmless, so far as the interpleaders are concerned. It affects no substantial right of theirs and worked no injustice. As such it falls within the saving spirit of sections 3569 and 3582, Revised Statutes 1879.

It follows that the judgment of the circuit court should be affirmed. All concur.