CHARLES M. DUNN, Appellant, v. JAMES A. HENLEY, Respondent.

Kansas City Court of Appeals, February 8, 1887.

1. PRACTICE—EVIDENCE—WAIVER AS TO ADMISSIBILITY—CASE ADJUDGED.—Where plaintiff *conceded* in his instruction that he had no right to recover certain property, among other property sought to be recovered, the admission of evidence as to the property concerning which such concession was made, does not harm him, and by his concession he has *waived* any objection to its introduction.

2. ——— INSTRUCTION—LIABILITY TO MISLEAD THE JURY.—Where an instruction states the law correctly, considered abstractly, and then proceeds to apply the principle of law to the facts and circumstances in evidence, it cannot be considered as commenting on the evidence and liable to mislead the jury, or cause them to go outside of the evidence before them. *Philips, P. J., dissents.*

3. ——— ——— COMMON ERROR.—A party is in no position to complain of an instruction, when an instruction has been given at his own instance, which is open to the same objection.

APPEAL from Cass Circuit Court, HON. NOAH M. GIVAN, Judge.

*Affirmed.*

Statement of case by the court.

On the twenty-sixth day of January, 1885, Martin Bailey began a suit by attachment, in the Cass circuit court, against E. H. Yarnell, to recover the amount which he had paid to Aultman & Company, as surety for Yarnell on a note given by the latter to Aultman & Company for the purchase price of a certain machine, called a separator, mentioned hereinafter. James A. Henley, as sheriff, seized, under a writ of attachment issued in said suit, the following property, as the property of said Yarnell: One steam engine and one C. Aultman & Miller separator, one water tank, two wagons, two sets of

wagon harness, two horses and one mule. While in the possession of James A. Henley, as sheriff, the plaintiff instituted in said circuit court the present action of replevin. against Henley to recover possession of said property.

The defendant justified as sheriff under the writ of attachment. The defendant also pleaded specially, that Aultman & Company had had a vendor's lien under our statute to secure the payment by Yarnell of the purchase price of the separator in controversy; that, when Bailey, the plaintiff in the attachment suit, paid the note given by Yarnell to Aultman & Company, for the purchase price of such separator, said Bailey became subrogated thereby to the rights of Aultman & Company, and entitled to a vendor's lien on said separator; that Bailey had obtained a judgment in the attachment suit finding that Aultman & Company had been entitled to a vendor's lien on the separator to secure the payment of said note, and declaring said Bailey to be subrogated to all the rights of Aultman & Company in that behalf. The defendant in the present case further alleged in his answer, in that connection, that the plaintiff herein claimed the possession of said separator by virtue of a pretended chattel mortgage executed by said Yarnell; that at the time of the execution of said mortgage the plaintiff had full knowledge of all the facts thereinbefore set out concerning the vendor's lien on the separator and Bailey's right thereto; and that by reason of the premises the defendant was entitled to the possession of the separator by virtue of the writ of attachment, and the judgment rendered in said circuit court.

The defendant, during the trial of this case, was permitted to introduce in evidence the pleadings filed and the judgment rendered in the said attachment suit. To which the plaintiff objected, on the ground that such evidence was incompetent and immaterial, since he had not been a party to said attachment suit.

The defence made by the defendant as to the property other than the separator was made on the theory that the plaintiff's mortgage was fraudulent and void, and that, therefore, he had the right to hold the property under the writ of attachment aforesaid.

The court gave the following instructions at the request of the plaintiff:

"1.   If the jury believe and find from the evidence that E. H. Yarnell executed the chattel mortgage read in evidence, and that the property therein described and thereby mortgaged, was attached and taken into possession by the defendant, under the writ of attachment, in the case of *Bailey v. Yarnell*, read in evidence, then the jury should find for the plaintiff, except as to the separator mentioned in evidence, unless the jury shall further believe and find from the evidence that said mortgage was executed by said Yarnell fraudulently, and for the purpose of hindering or delaying his creditors in the collection of their debts, and not for the purpose of securing a *bona fide* debt to the said plaintiff; and that said plaintiff, when he received said mortgage, was cognizant of, or participated in, such fraudulent purpose, or had knowledge of such facts as would put an ordinarily prudent man upon inquiry."

"2.   The burden of proving fraud in this case depends upon the defendant.   Fraud is never presumed, but must be proven, but it may be shown by facts and circumstances; and if the jury believe that the facts and circumstances connected with the execution of the mortgage made by said Yarnell to the plaintiff, consists as well with honesty as with a fraudulent purpose and intent, the jury should find for the plaintiff."

The court gave for the defendant, among others, the following instructions:

"2.   Fraud is seldom capable of direct proof, but for the most part has to be established by a number and variety of circumstances, which, although apparently trivial and unimportant when considered singly, afford,

when combined together, the most irrefragable and convincing proof of fraudulent design; and the requisite proof need not be of a direct or positive character, but may be gathered from the surrounding circumstances. If, therefore, the jury believe from the evidence and circumstances detailed herein, that E. H. Yarnell executed and delivered to plaintiff the mortgage read in evidence for the purpose or with the intention of hindering, delaying, or defrauding Martin Bailey, or any of the other creditors of said E. H. Yarnell, and at the time said Yarnell executed and delivered to plaintiff the mortgage aforesaid, the latter (plaintiff) knew of such purpose or intent on the part of said Yarnell, or was in possession of facts sufficient to put an ordinarily prudent man upon inquiry concerning such purpose or intent, they will find for the defendant, notwithstanding they may believe from the evidence that plaintiff loaned said Yarnell the whole or any part of the money mentioned in evidence."

"5. The court instructs the jury that they are the sole judges of the credibility of witnesses, and of the weight to be given their testimony herein; and in determining such credibility and weight they should take into consideration the appearance of the witnesses, their interest, if any, in the result of the case, the probability or improbability of any of their statements, in the light of surrounding circumstances, and the other facts in the case. And if the jury believe that any witness has knowingly sworn falsely to any material matter in issue, they are at liberty to disregard the whole or any part of the testimony of such witness."

From a judgment in favor of the defendant the plaintiff has appealed to this court.

Wooldridge & Daniel, for the appellant.

I. The court erred in *admitting in evidence* the petition and answer, and the findings or recitals in the judgment in the case of *Bailey v. Yarnell.* They were

clearly irrelevant and incompetent, and the jury were not told that they were not evidence against the plaintiff, who was a stranger·to the action. All the proceedings therein were had after the execution of the mortgage to plaintiff. 1 Greenl. on Evid., sect. 527 ; *Harrington v. Wadsworth*, 1 New Eng. Rep. 49 ; Freeman on Judgments (1 Ed.) p. 134, sect. 162.

II. The court erred in giving the *second* instruction asked by the defendant, by invading the province of the jury, and indicating to them, by implication, at least, that the circumstances shown in evidence afforded "the most irrefragable and convincing proof of a fraudulent design" on the part of the plaintiff. The jury are the judges of the weight of the evidence, and they must have understood the instruction as referring to the facts and circumstances shown by the evidence, as well as by the "surrounding circumstances." It was not the province of the court to declare, as a matter of law, what or what character of evidence would or would not constitute or "afford irrefragable and convincing proof of fraudulent design." *Unruh v. State ex rel. Baum*, 2 West. Rep. 632, and cases cited *infra; Jones v. Marsh*, 52 Md. 323 ; *Mason v. Poulson*, 40 Md. 355 ; *Railroad v. Mati*, 3 Cent. Rep. 903. It was also error to instruct the jury that "the proof of fraud might be gathered from surrounding circumstances." Their attention should have been confined to the circumstances shown in evidence. The latter clause of the instruction is wrong. It is no objection to the validity of a conveyance by a debtor to his creditor, that it operates to hinder and delay other creditors, that it was made with the intent on the part of the debtor that it should so operate, and that the creditor receiving it was aware of that intent, provided he received it with the purpose of securing his debt. *Shelley v. Boothe*, 73 Mo. 74 ; *Holmes v. Braidwood*, 82 Mo. 610, 616, and cases cited ; Bump on Fraud. Conv. (2 Ed.) chap. 7, tit. "Preferences," p. 178, *et seq.; Chouteau v. Sherman*, 11 Mo. 385 ; *Cason v. Murray*,

15 Mo. 378; *Kuykendall v. McDonald*, 15 Mo. 416; *Dietrich v. Hutchinson*, 29 N. W. Rep. 247; 23 Cent. Law. Jour. 440, 441, and cases cited.

III.   Instruction *number three*, given on the part of the defendant, is erroneous, in that it tells the jury that if Yarnell executed the mortgage for the purpose of hindering, delaying, or defrauding his creditors, and if the plaintiff received the mortgage with knowledge of such intent, such mortgage was fraudulent, although the plaintiff had loaned the money the mortgage was given to secure.    *Shelley v. Boothe*, and *Holmes v. Braidwood*, *supra;* 23 Cent. Law Jour., *supra*.

IV.   The court should not have given instruction number five, asked by defendant, for it *invades the province of the jury*.   It tells the jury that, as a matter of law, they must take into consideration the appearance of the witnesses, in determining the weight of their evidence and their credibility.   It commands the jury to discredit a witness if he makes a poor or bad appearance, and to credit him if his appearance is fine or good.   The jury should determine the weight of the evidence and the credibility of the witnesses.   The court cannot establish for them a rule, or erect for them a standard by which to test the credibility of the witnesses or weigh their evidence.   The jury are entitled to erect their own standard for this purpose.   The instruction virtually requires the jury to discredit any witness who had any interest in the result of the cause.   It further directs the jury, in determining such weight and credibility, to survey the "statements in the light of surrounding circumstances, and the other facts in the case."   What surrounding circumstances, and what other facts?   They are not confined to those in testimony, but they are instructed to take, or permitted to take into consideration, circumstances or facts in their own knowledge, not competent to be shown, or not shown in evidence.   *Padgett v. Sweeting*, 3 Cent. Rep. 699; *Woollen v. Whitacre*, 91 Ind. 503; *Greer v. State*, 53 Ind. 420; *Nelson v.*

*Vord*, 55 Ind. 455 ; *Castleman v. Sherry*, 42 Texas, 59 ; *Commonwealth v. Galliger*, 113 Mass. 202 ; *Munro v. Platt*, 62 Ill. 250 ; *State v. Sutton*, 99 Ind. 300 ; *Hashford v. State*, 96 Ind. 461 ; *Forrester v. Moore*, 77 Mo. 660.

V. There was no question in the trial court that, by *the terms* of the mortgage to plaintiff, he was entitled to the possession of the property sued for, but it was contended by *defendant* that such mortgage was fraudulent. *Ashley v. Wright*, 19 Ohio St. 291.

WHITSILL & JARROTT and RAILEY & BURNEY, for the respondent.

I. The court made no mistake in admitting in evidence the record in the case of *Bailey v. Yarnell*. (1) *Appellant* had introduced the writ of attachment issued in said cause, with the return thereon. Respondent was, therefore, entitled to have the *entire* record read in evidence, so far as relevant, notwithstanding the appellant was not a party thereto. (2) It was offered to show that the goods and property in controversy were levied on by defendant *as sheriff* in *Bailey v. Yarnell*, and that Bailey had a lien against the separator for the purchase money, because he had become subrogated to the rights of Aultman & Company, by paying off the note ; and to show that judgment had been rendered in favor of Bailey against Yarnell, establishing a vendor's lien against said separator. Plaintiff had notice before taking his mortgage that the purchase money had not been paid for the separator, he was not an innocent purchaser. *Parker v. Rhodes*, 79 Mo. 91 ; sect. 2353, Rev. Stat. (3) The jury found for defendant as to all the property in controversy, and appellant could not have been injured by the admission of the record. Besides, the court, at the instance of *plaintiff and defendant*, instructed the jury to find for respondent *as to the separator ;* and no exceptions were saved by appellant.

II.  The instructions given for plaintiff and defendant as to fraud were both correct as abstract propositions of law ; and both were warranted by, and based upon, the evidence.  Judge Sherwood, in the leading case of *Burgert et al. v. Borchert et al.* (59 Mo. 83, 84), says : " *While it is undoubtedly true as a general legal proposition* that 'fraud is not to be presumed, but must be proved by the party alleging it,' *yet it is equally true that fraud is seldom capable of direct proof, but for the most part, has to be established by a number and variety of circumstances, which, although apparently trivial and unimportant when considered singly, afford, when combined together, the most irrefragable and convincing proof of a fraudulent design.*"  The instruction for defendant does not point out or *comment* on the evidence ; but, if it did, plaintiff's own instruction is equally as faulty.  *Holmes v. Braidwood,* 82 Mo. 616. Counsel for appellant, in their fourth proposition, insist that the court committed error in giving respondent's fifth instruction.  In the case of *State v. Underwood* (75 Mo. 232), an instruction, of which the one herein complained of is almost a literal copy, was given by the court below, and in a case where defendant was charged with murder.  On page 235, Judge Sherwood, in delivering the opinion of the court in said case, says :  " The court, at the request of the prosecuting attorney, had previously given instruction number nine, *which is the usual one* given in regard to the credibility of witnesses. *   *   *.*"  Especial complaint is made against that portion of respondent's fifth instruction, which tells the jury that in determining the weight and credibility of witnesses, they may take into consideration " *the probability or improbability of any of their statements, in the light of surrounding circumstances, and the other facts in the case.*"  It is presumed that the jury knew nothing of the "surrounding circumstances" except what they heard from the witnesses, or they would not have been qualified to sit in the trial of the case.  A fair

construction of the language shows it could not in the least be misleading, or prejudicial to the rights of appellant.

## I.

HALL, J.—The plaintiff is in no position to now urge the objection made by him to the introduction of the record in the attachment suit in evidence. That evidence simply bore upon the separator; it had no effect whatever as to the other property ; and the plaintiff, in his first instruction, conceded that he had no right to recover the possession of the separator. If this concession made by the plaintiff be correct, he was not harmed by said evidence. Our ruling on this point is simply as stated. We do not intend to intimate an opinion as to the merits of the question, or any phase of it. We simply hold that the plaintiff has waived any possible objection to the introduction of the evidence.

## II.

The objections urged by plaintiff to the second instruction given for the defendant, are three in number. They are, *first*, that the court intimated to the jury, at least, that the circumstances in evidence afforded "the most irrefragable and convincing proof of a fraudulent design" on the part of the plaintiff; *second*, that the court should have confined the attention of the jury to the circumstances in evidence instead of instructing them that "the proof of fraud might be gathered from surrounding circumstances ;" *third*, that the mortgage was not void if the plaintiff took it in good faith to secure an honest debt, although he knew at the time that Yarnell made the mortgage with the intent that it should hinder and delay his (Yarnell's) creditors, and that the instruction declared the law otherwise.

(1) That part of said instruction to which the first objection is directed, correctly states the law, considered abstractly. The jury could not have inferred that the

court, in that part of the instruction referring to the circumstances in evidence, for the reason that at the close of that part of the instruction the court proceeded to apply the principle of law, just stated, to the facts and circumstances in evidence, beginning with the words : " If, therefore, the jury believe from the evidence and circumstances detailed herein."

(2) The second objection is made to the manner in which the court applied the principle of law stated by it to the facts in the case. The objection is untenable. The court, in stating the principle of law, referred in general terms to the " surrounding circumstances," but in applying the principle to the facts of this case the court used the words above quoted by us : "If, therefore, the jury believe *from the evidence and circumstances detailed herein,*" showing too clearly and plainly, for the jury to misunderstand, that they should confine themselves to the circumstances in evidence.

(3) The plaintiff is in no position to make the third objection made by him. The first instruction, given at his own instance, is open to the same objection. *Holmes v. Braidwood,* 82 Mo. 616 ; *Noble v. Blount,* 77 Mo. 235. And we may say the same as to a similar objection made to the third instruction given for the defendant.

### III.

The various objections made to the fifth instruction given for the defendant are without merit. An instruction, in every material respect the same as that instruction, was approved in the *State v. Underwood* (75 Mo. 232). The only errors committed in the trial of the case, if any such there were, have been waived by the plaintiff. The judgment is affirmed. Ellison, J., concurs ; Philips, P. J., dissents.

PHILIPS, P. J.—I disapprove of the employment of the word "appearance" in instruction number five.

*Manner* is the approved and more appropriate word.  I am opposed to this evil in practice, of innovating on long established terms.  There is danger in the one and safety in the other.  The best way to suppress the evil is for the courts to strangle it before it grows into a monster of precedent.

