Hearn & Co. v. Due.

Hearn & Company, Appellants, v. John Due et al., Respondents.

St. Louis Court of Appeals, March 7, 1899.

Sale of Chattels by an Insolvent: FRAUD: KNOWLEDGE. It is not enough to invalidate a sale of chattels by an insolvent that the purchaser knew of the facts and circumstances from which he might have inferred a fraudulent purpose on the part of the seller. Held that such facts and circumstances are evidentiary, and the jury are entitled to consider them in determining whether or not the purchaser was aware of the fraudulent intent of his vendor.

*Appeal from the Howell Circuit Court.*—Hon. W. W. Evans, Judge.

Reversed and remanded.

A. H. Livingston for appellants.

There is no evidence that appellants knew of any fraud upon the part of Owens, and the verdict of the jury can be attributed to no reason other than the giving of the first instruction on part of defendants. Clearly this instruction is not the law. Hearn & Company must have known of the fraud; and it is not sufficient, that there were facts sufficient to put them on inquiry. This rule might apply in equity, to sales of real estate, but not to the sale of chattels. This proposition is settled by numerous authorities in this state. Van Raalte v. Harrington, 101 Mo. 602; State to use v. Mason, 112 Mo. 374; Sammons v. O'Neill, 60 Mo. App. 530; Bank v. Worthington, S. W. Rep. (S. C. Mo.) 745; Dry Goods Co. v. Schooley, 66 Mo. App. 406. Instruction number 5 is clearly erroneous. It tells the jury that if Hearn & Company still held the Trotter note when they

learned of the fraudulent purpose of Owens, then the jury should find for defendants, and direct a verdict for defendant on the finding of a single fact. This instruction is ambiguous, misleading and unsound in principle. The evidence clearly shows that the total consideration was paid at the time of the trade, and there is no evidence on which to base instructions numbers 2, 3 and 4. The instructions as a whole are cumulative, contradictory, misleading, and in conflict with the instructions given for plaintiffs. There is another palpable error running through all these instructions, and that is that Hearn & Company were creditors of Owens, to the extent of the $360 note, and must have not only known of the fraud upon the part of Owens, but must have also, participated in it. This question is ignored and obscured by defendants' instructions. Sammons v. O'Neill, 60 Mo. App. 530; State to use v. Mason, 112 Mo. 374. * * * Fraud is never presumed, but must be proven and the burden is on him who charges it. It devolved on defendants to show, not only that the sale was fraudulent, but plaintiffs knew it. * * * Albert v. Besil, 88 Mo. 150; Martin v. Fox, 40 Mo. App. 664; Kerstner v. Vorweg, 130 Mo. 298.

No points and authorities for respondent.

BOND, J.—Plaintiffs replevied the property in dispute from the possession of the sheriff and constable of Howell county, Missouri, who had seized it under writs of attachment against the vendor of the plaintiffs. There was a verdict and judgment for defendants, from which plaintiffs appealed.

On the trial the evidence disclosed that plaintiffs held a note of W. T. Trotter and wife for $360, secured by a mortgage on household furniture; that the money for which this note was given had been loaned by Trotter to his wife's brother, E. L. Owen, a grocer merchant at Willow Springs, Missouri, in the spring and summer of 1895; that in the fall

of the same year Mrs. Trotter notified plaintiffs of this fact, and requested them to collect the money from her brother, whereupon a member of their firm came to Willow Springs for that purpose, and after failing to make a collection, he purchased the stock of goods belonging to Owen for $800, giving him therefor $200 in cash, a draft for $240, and taking credit for the amount of the Trotter debt of $360. Plaintiffs took possession of the stock at once, and it was attached by defendants on the succeeding day. They complain of the instructions given for defendants.

In the transaction under review plaintiffs acted in the dual role of creditors and volunteer purchasers. To the extent of the indebtedness on the part of E. L. Owen for $360, which had been borrowed from plaintiffs for his use, they were entitled to receive from him payment by the transfer of a sufficient portion of his stock of goods, irrespective of his motive as to his other creditors. Beyond that plaintiff could only acquire any part of the goods of said Owen by a purchase in good faith, that is, a purchase of the goods in question for a valuable consideration and without

FRAUD.

notice of any fraudulent intent on the part of the seller. It is not enough, however, to invalidate a sale of chattels by an insolvent, that the purchaser knew of the facts and circumstances from which he might have inferred a fraudulent purpose on the part of the seller. Such facts and circumstances are evidentiary, and the jury are entitled to consider them in determining whether or not the purchaser was aware of the fraudulent intent of his vendor; but the jury should not be told that they necessarily imply participation on the part of the purchaser in the mal-intent of the seller. They should be left free to draw their own deductions as to the effect of facts and circumstances which would ordinarily put the buyer upon inquiry as to the motives of his seller. Sammons v.

O'Neill, 60 Mo. App. 530, and cases cited; Dry Goods Co. v. Schooley, 66 Mo. App. 406; State to use v. Mason, 112 Mo. 374. Instruction number 1, given by the court on behalf of defendants was diametrically opposed to this doctrine. Instruction number 7 given by the court on behalf of defendants was also opposed to the rule which places the burden of proving fraud in the sale of chattels upon the party who charges it. For the errors contained in these instructions the judgment herein is reversed and the cause remanded. All concur.