SAMUEL R. JACKSON *vs.* CITY OF PORTLAND.

*Damages upon location of way.*

Damages awarded by a committee for the location of a drain are to be only those resulting from its proper construction. If injury arises by reason of an improper construction of the drain, the remedy, if any there is, must be sought in some other form.

ON EXCEPTIONS.

APPEAL for damages by location of the outfall of a sewer over Mr. Jackson's land, under Private Laws of 1854, c. 77, § 1. The claim was heard by a committee, as provided in the ninth section of the city charter, and their report was offered for acceptance at the April term, 1873, of this court, and accepted, the presiding justice overruling the defendant's objections to the report, *pro forma.* Exceptions were taken and allowed to this ruling. The grounds of objection are stated in the opinion.

*Charles F. Libby,* for the defendants.

The damages to be awarded are for the location. *Gay* v. *Gardiner,* 54 Maine, 479. It must be a gross sum in money that is awarded and not the performance of any other act, or a sum liable to be diminished upon the happening of any contingency. The committee had no power over costs. *Gordon* v. *Tucker,* 6 Maine, 247; *Walker* v. *Merrill,* 13 Maine, 173; *Porter* v. *Buckfield Branch R. R.,* 32 Maine, 539; *Hanson* v. *Webber,* 40 Maine, 194; *Day* v. *Hooper,* 51 Maine, 178.

*Strout & Holmes,* for the appellant.

WALTON, J. Damages occasioned by the location of the outfall of a public drain in the city of Portland are to be assessed in the same manner as for the location of a public street. Public

Laws of 1854, c. 77, § 1. Damages for the location of a street are to be assessed in the first instance by the city council; but any one aggrieved by their decision may appeal and have the damages assessed by a committee or reference, if the parties so agree, or by a jury. City charter, § 9; Special Laws of 1863, c. 275.

It will be noticed that the damages here referred to are such only as are occasioned by the location, not the improper or imperfect construction, of the street or outfall in question. The location is one thing; the construction is another. It is the damage occasioned by the location only that can be recovered in the manner here pointed out. The damage, if any, sustained by reason of an improper or defective construction must be sought for in some other form of proceeding.

. In this case the committee award $261 damage, "caused by the deposit of filth, sand, and other substances from said sewer and outfall in the dock of the appellant, to April 1, 1873; and the further sum of $116 annually until a cess-pool is constructed which shall receive and retain the sediment or wash coming from said drain." This was erroneous. Their only duty was to award in a round sum the damage caused by the location of the outfall of the drain upon the appellant's land. They had no authority to determine whether a cess-pool should or should not be constructed, and to award annual damages, to be paid in the future, till such cess-pool should be built by the city.

*Exceptions sustained.*
*Report rejected.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.