THE CITY OF KANSAS v. THE KANSAS CITY, TOPEKA &
WESTERN RAILROAD COMPANY et al., Appellants.

1.  Condemnation Proceedings: VERDICT OF JURY.   Where in a
    proceeding by a city to condemn land for street purposes, the in-
    structions are proper, the Supreme Court will not interfere with the
    measure of damages assessed by the jury, if it is not so flagrantly
    unjust as to justify the conclusion that improper considerations in-
    fluenced the verdict.

2.  ———: PRACTICE IN SUPREME COURT.  In such proceedings an
    appellant cannot be heard to complain in the Supreme Court of the
    assessment of damages when the record does not disclose the
    extent of his interest in the condemned property.

*Gardiner Lathrop* and *Pratt, Brumback & Ferry*
for appellants.

*D. S. Twitchell* for respondent.

HENRY, C. J.—The City of Kansas instituted a pro-
ceeding to condemn a strip of land twelve feet wide, east
and west, and thirteen hundred and twenty feet long,
north and south, in order to widen to that extent Liberty
street, which runs north and south.   Of this strip five
hundred and five feet belonged to the appellant railroad

company, and six hundred and forty-nine feet to the elevator company, upon which said railroad company had a railroad track, and the balance of the strip was owned by the West Kansas City Land Company. The proceeding was had, in the first instance, before the mayor, and was appealed to the circuit court, where, on a trial *de novo*, witnesses were introduced who estimated the value of the land, one at four dollars per front foot, two at five dollars, one at five dollars, but he thought that it was worth to the railroad four times that amount. The jury went upon the land and examined it, and assessed the damages to the railroad company at $1512.50, and assessed it for benefits six hundred and twenty-one dollars. The damages to the elevator company were assessed at sixteen hundred and twelve dollars, and it was assessed for benefits three hundred and twenty-four dollars. The land company was allowed for damages four hundred and fifteen dollars, and assessed one dollar for benefits. The instructions to the jury are not complained of, but it is strenuously contended that the jury disregarded the evidence and instructions in assessing the damages.

The instructions are as follows :

"2. You will then, in the first place, ascertain and assess the actual damages done each person in consequence of the taking of their property for the purpose of widening a part of Liberty street, according to ordinance number 18,845, passed by the common council of the City of Kansas, and approved February 21, 1880, and allow the same to such parties whose property is taken as the just compensation to be made therefor ; and in allowing such damages you will assess the same without any reference to the proposed improvement."

"3. And in the next place, to pay such damages and compensation for the property thus taken, you will assess against the City of Kansas such an amount as you find and believe said city and the public generally will

be benefited by the proposed improvement. And to pay the balance of such damages and compensation you will assess benefits against each of the several lots and parcels of land within the limits prescribed by ordinance and shown on the plat read in evidence for the assessment of benefits, and in assessing such private property you will assess each parcel of ground with an amount bearing the same ratio to such balance of the compensation required to pay for property to be taken as the benefit to each lot or parcel of ground bears to the whole benefits of all the property to be so assessed."

"4. You will make out your verdict in writing, and the same will be signed by you, each in person, and you will all bring the same into court, and in making up your verdict the city engineer will aid and assist you to put the same into proper form, and you have the right to call upon him to do so."

"5. In assessing these damages and benefits you have the right to and you will be guided by your own judgment with respect thereto, as well as all the evidence in the case."

"1. You will go to and upon the property to be taken for the purpose of improvement and that to be assessed with benefits, and examine all such property in person before arriving at your verdict."

Four witnesses estimated the value of the strip taken at from four to five dollars per front foot. Six jurors, sworn to try the cause and required by law to go upon the land and who did so, to consider the very questions they were to pass upon, and determine them from their own observation, in connection with the testimony adduced, have determined that the land was not of the value testified to by the witnesses. To what extent the conclusion reached by the jury is attributable to their own observations and judgment, and how far their conclusion was produced by the testimony of the witnesses, is a problem we are not able to solve. It may be that,

if there had been no testimony before them and they had been left to fix the value from their own observation, they would have assessed even less damages than were awarded by them to these appellants respectively. When the court has properly instructed them, as in this case, and their findings are not so flagrantly unjust as to justify the conclusion that improper considerations influénced their verdict, this court cannot interfere.

Appellant railroad company, also, complains that the jury allowed that company nothing for its interest in the strip of land occupied by its road which was owned by the elevator company. If it had any interest in that strip of land, its nature or extent is not disclosed in this record. Whether a tenant at will, or for years, or having a mere license for the temporary occupation of the land, does not appear, and how, in such case, the jury could estimate the value of their interest in the land I cannot conceive. All concur in affirming the judgment.