LIGHT v. THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, *Appellant.*

1. **Contract: ESTOPPEL: ASSIGNMENT.** Where one of two parties to a contract receives payments thereunder from the assignee of the other party and thereby treats him as the lawful and rightful assignee, he will be estopped from asserting that the terms of the contract were not strictly complied with in making the assignment.

2. ———: ———. A successor to an original party to a contract who receives money due by the terms of the same, and by so doing assumes to be the successor to the obligations arising on the original contract, cannot require the other party or his assignee to prove what such successor has thereby tacitly asserted and conclusively admitted.

3. **Practice: INSTRUCTIONS.** Where it is not alleged in the motion for new trial that the court erred in refusing instructions, such refused instructions will not be reviewed in the Supreme Court.

*Appeal from Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

AFFIRMED.

*John O'Day* for appellant.

(1) There is no competent evidence that respondent had succeeded to all the rights of Robert Brock, James R. Duncan's assignee, by assignment in writing as provided by the contract. (2) There is nothing in the evidence to show that the appellant assumed any of the

obligations or responsibilities of the Atlantic & Pacific Railroad Company, or was substituted legally, or in fact for that corporation in the contract. (3) If there was an over-payment, appellant contends it cannot be held responsible under the evidence in this case, even should it be held that appellant, in relation to the transaction, stood in the position that the Atlantic & Pacific Railroad Company would have stood if it had made the deed, for the payment was voluntarily made and the deed accepted, and the contract of making and receiving the deed, and paying the money fully consummated by an acceptance of the deed after respondent was aware of the alleged mistake. (4) The proceedings in the circuit court must have been likened to a proceeding in equity to set aside a settlement for mistake. Plaintiff was not entitled to a jury trial. There were no issues of fact. It is reversible error for the court, against the objection of the appellant, to order a jury.

*A. Corse* for respondent.

SHERWOOD, J.—This is an action instituted before a justice of the peace to recover a sum of money claimed to have been over-paid by plaintiff to defendant on a land contract, whereby land was sold by the Atlantic & Pacific Railroad Company to Duncan, and the contract assigned by him to Brock. Plaintiff claims as the assignee of his father, Jesse Light, who claimed as the assignee of Brock. Under the terms of the contract the payments were to be made in installments, and plaintiff, after the assigment of the contract to him, paid thereon to the defendant company in 1879, $185.00. In about ten days thereafter he received from the agent of the defendant company a statement showing the payments made from time to time to them on the contract. And in about three months thereafter he received from the defendant company a deed for the land mentioned in the contract.

I.   It is wholly immaterial whether the require-
ments of the contract were met by the method of the
assignment made to Jesse Light, since the defendant
company received those payments from time to time,
and thereby treated him as the lawful and rightful as-
signee.   And the like line of remark applies to plaintiff;
he made the payment as if assignee, that payment was
accepted, a statement of the payments made forwarded
to plaintiff, and then a deed for the land by the defend-
ant company.   It is quite obvious that these acts on the
part of the defendant company estopped it from urging
the lack of any evidence showing an assumption by it of
the obligations resting on the Atlantic & Pacific Rail-
road Company, by reason of the original contract; and
precluded the defendant company, also, for like reasons,
from urging any want of strict compliance with the
terms of that contract as to the method of effecting an
assignment thereof.   After treating Jesse Light as the
assignee of the contract; after receiving his money as
such, after assuming, by so doing, that it was the succes-
sor to the obligations arising on the original contract, and
after acting in a similar, but more pronounced, manner
toward plaintiff, it cannot withdraw from its position,
and require the plaintiff to prove what by its own acts
it has tacitly asserted and conclusively admitted.

II.   As to the instructions, those given by the court
of its own motion, and at the instance of the defendant,
presented the matter at issue very favorably to the jury.
And as to the sixth and seventh instructions asked by
defendant, the refusal of the court to give them was not
called to the attention of the court in the motion for a
new trial, and, therefore, cannot be noticed.

III.   The only point then left for comment, is
whether, under the evidence, there was an over-payment
of money made on the contract.   This, of course, is a
mere matter of computation, which, having been made,

it is not found that the recovery by the plaintiff was unwarranted.

Therefore, judgment affirmed.   All concur.