HAZELL, *Assignee, Plaintiff in Error*, v. BANK OF
TIPTON

1. **Fraudulent Assignment**: ATTACHMENT: RIGHT TO OPEN AND
CLOSE CASE. A plaintiff in an attachment suit, whose answer to
an interplea admits an assignment under which the interpleader
claims, but alleges it to be fraudulent, is entitled to open and
close the case both in the introduction of evidence and in the argu-
ment.

2. **Assignment for Benefit of Creditors** : ATTACHMENT: EVIDENCE.
On the trial of an issue as to the validity of an assignment for
the benefit of creditors, it was competent for the attaching creditor
to prove a conversation had with the assignor prior to the assign-
ment in which he gave, as a reason for the assignment, that he
could then get a better settlement with his creditors.

3. —— : —— : ——. Conversations had with the assignor in
the presence of the assignee, shortly after the assignment, at a
meeting of the creditors, held for the purpose of effecting a
compromise, were also admissible in evidence.

4. —— : EVIDENCE : ESTOPPEL. An attaching creditor seeking to
hold against an assignment for the benefit of creditors is not
estopped by his representations, made to other creditors some
time prior to the assignment, that, in his opinion, the assignors
were solvent and worth four or five thousand dollars above their
liabilities and exemptions, it appearing that representations to
that effect were made by the assignors to the creditor.

5. **Practice** : INSTRUCTION. A party cannot complain of an erron-
eous instruction when the instructions given at his request contain
the same error.

6. **Assignment for Benefit of Creditors, When not Fraud-
ulent.** Where one, in making an assignment for the benefit of
creditors, intends only such delay and hindrance to his creditors
as would follow as an incident to the assignment, such intent
does not make the assignment fraudulent.

7. **Practice** : QUESTION FOR JURY. Where there is some evidence,
though slight, justifying the submission to the jury the good faith of
the parties to an assignment, a demurrer to the evidence is prop-
erly denied.

8. ———: SPECIAL ISSUES. The statute relating to the submission of special issues to the jury having been repealed, the Supreme Court will not review questions arising thereon.

*Error to Moniteau Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED AND REMANDED.

*Cosgrove & Johnston, Moore & Williams* and *Smith, Silver & Brown* for plaintiff in error.

(1) The trial court erred in permitting the bank to enquire of the witness Reeves, whether any steps were taken by the assignors, two or three days after the assignment, to compromise, with their creditors. No participation of the assignee in said compromise was shown. *Crow v. Beardsley,* 68 Mo. 435; *Byrne v. Becker,* 42 Mo. 269; *State v. Benoist,* 37 Mo. 500; *Gates v. Lebaume,* 19 Mo. 25; *Harcourt v. Halcomb,* 89 Ind. 104. (2) The defendant failed to make out a *prima-facie* case, and the demurrer to the evidence should have been sustained. *Morgan v. Durfee,* 69 Mo. 469; *Powell v. Railroad,* 76 Mo. 80. Fraud is a fact and when mere circumstances are relied on to prove it, they must be such as to raise strong presumptions of its existence. *Loomis v. Higgins,* 5 West. Rep. 408; *Wait v. Kellog,* 5 West. Rep. 736. (3) The deposition of Gilbert Elliott was erroneously excluded. *Petring v. Chrisler,* 90 Mo. 649. The interpleader was entitled to open and close the case. *Burgert v. Borchert,* 59 Mo. 80; *Meagher v. Biggs,* 46 Mo. 65; *Gray v. Parker,* 38 Mo. 160; *Porter v. Jones,* 52 Mo. 399. (4) The fifth instruction, to the effect that there was no evidence of fraud or knowledge thereof on the part of the assignee, should have been given. *Albert v. Besel,* 88 Mo. 150; *Renney v. Williams,* 89 Mo. 139; Bump on Fraud.

Hazell v. Bank of Tipton.

Con. 42. (5) The tenth, eleventh, and twelfth instructions should have been given for the interpleader. The deed of assignment was not fraudulent, merely because it had the effect of hindering and delaying creditors in collecting their debts. *Albert v. Besel*, 88 Mo. 150; *State ex.rel. v. Benoist*, 37 Mo. 501 ; *Gates v. Lebaume*, 19 Mo. 17; *Shelley v. Boothe*, 73 Mo. 77. (6) So interpleader's thirteenth and sixteenth instructions should have been given. *Murray v. Cason*, 15 Mo. 379 ; *Henderson v. Henderson*, 55 Mo. 555. (7) The court committed error in giving instructions for defendant in error. (8) The court erred in refusing to submit the special interrogatories as requested by interpleader. Laws 1885, p. 213; *Clegg v. Waterbury*, 88 Ind. 21.

*Draffen & Williams, G. P. B. Jackson, L. F. Wood* and *W. P. Johnson & Son* for defendant in error.

(1) The court properly awarded the opening and closing of the case to the plaintiff in the attachment. *Porter v. Jones*, 52 Mo. 399; *McHale v. Oertel*, 15 Mo. App. 583 ; *St. Louis v. Ins. Co.*, 52 Mo. 529 ; *Harvey v. Sullens*, 56 Mo. 372. (2) The declarations of the assignors made before the assignment were competent to prove their intent. *Holmes v. Braidwood*, 82 Mo. 610; *Stowell v. Hazelett*, 66 N. Y. 635 ; *Smith v. Mitchell*, 12 Mich. 180; *Goodwin v. Kerr*, 80 Mo. 276. (3) The contention, that, because all the creditors are by statute entitled to the benefit of the assignment, it is not fraudulent, cannot be sustained. If the intent was to hinder, delay, or defraud, the assignment is fraudulent. *Goodwin v. Kerr*, 80 Mo. 276 ; *Adler v. Lange*, 21 Mo. App. 516; *Keevil v. Donald*, 20 Kan. 165 ; *Ames v. Gilmore*, 59 Mo. 537. (4) An assignment made for the purpose of effecting a compromise with creditors is fraudulent. *Adler v. Lange*, 21 Mo. App. 516 ; *Keevil v. Donald*, 20 Kan. 165 ; *Work v. Ellis*, 50 Barb. 512 ; *Bradley v.*

*Ames*, 50 Mo. 387. (5) The court rightly refused to peremptorily instruct the jury to find the issues for the interpleader. This cannot be done where there is any evidence tending to prove the case of the adverse party. *Noeninger v. Vogt*, 88 Mo. 589. (6) The deposition of Gilbert Elliott did not tend to prove an estoppel in favor of the assignee and against the bank. *State v. Rowse*, 49 Mo. 586; *Heinrichs v. Woods*, 7 Mo. App. 236; *Tufts v. Thompson*, 22 Mo. App. 564. (7) The eleventh, twelfth, fifteenth, and sixteenth instructions asked by the interpleader were properly refused. (8) It was not necessary to connect the assignee with the fraud at all; it was sufficient if he accepted it with knowledge thereof. Bump on Fraud. Con. (3 Ed.) 361; *Peet v. Spencer*, 90 Mo. 384; *Tufts v. Thompson*, 22 Mo. App. 564; *Heinrichs v. Woods*, 7 Mo. App. 236; *State ex rel. v. Rowse*, 49 Mo. 586. (9) The fraud of the assignor was sufficient. Wait on Fraud. Con. 319; *Adler v. Booth*, 1 McCrary, 256; *Work v. Ellis*, 50 Barb. 512; *Griffin v. Marquand*, 17 N. Y. 28; *Ruble v. McDonald*, 18 Ia. 493; *Whittenham v. Dibble*, 66 N. Y. 634. (10) The court properly refused to submit the special interrogatories as asked by interpleader. They were not in conformity with the statute. *Turner v. Railroad*, 23 Mo. App. 13.

NORTON, C. J.—The Bank of Tipton, defendant in error, instituted an attachment suit in the Moniteau county circuit court against Cochel & Bechtel, who were merchants engaged in the sale of hardware in the town of Tipton. The writ of attachment was levied upon a stock of goods as belonging to them. On the same day said writ was levied, viz., the third of January, 1885, and a short time before it was issued and levied, an assignment, executed by said Cochel & Bechtel, conveying all their property to one Barrick, as assignee for the benefit of all their creditors, was filed for record. In

March following the said Barrick resigned his trust, and James E. Hazell was duly appointed to execute the trust. At the return term of the writ of attachment, said Hazell appeared, and by leave of court filed an interplea claiming in virtue of said assignment the property which had been levied upon.

The plaintiff bank in the attachment suit filed an answer to the interplea denying the right of the assignee and alleging in substance that the assignment was made with the intent to hinder, delay, and defraud the creditors of said Cochel and Bechtel, and that the assignee, Barrick, was a party to said fraud and acting in the interest of said firm and to aid them in their fraudulent purpose; that said assignment was made to him because of his insolvency and willingness to serve them; that their intention was to put the property in the hands of Barrick and secure it from execution and attachment, and use the assignment as a means of coercing their creditors into a compromise, and that said assignment passed no title to the property, either to Barrick or to interpleader, Hazell, as his successor. The replication to this answer denied all frauds, and set up that said bank had full knowledge of the financial condition of said firm and of their intention to make said assignment, and that by reason of its representations made to other creditors of the solvency of said firm and their good faith in making said assignment, the bank was estopped from contesting its validity.

The issue of fraud thus made up was tried before a jury, and a verdict returned in favor of the plaintiff bank in the attachment suit, upon which judgment was rendered and from which Hazell, the interpleader, has appealed to this court, and among other grounds of error, alleges that the court erred in holding that, under the issues as made by the pleadings, the plaintiff bank in the attachment suit had the right to open and close the case, both in the introduction of evidence and in the

argument of the cause to the jury. We see no just ground of complaint to this ruling, since the answer was in the nature of confession and avoidance. It admits the assignment, but alleged it to be fraudulent and void, the burden of proving which was on the shoulders of the party averring it. *Albert v. Besel*, 88 Mo. 150.

Nor do we see any just ground of complaint to the action of the court in allowing witnesses Reavis and McClay to detail a conversation had with Cochel & Bechtel a short time before the assignment was made, in which Cochel gave as a reason for wanting to make an assignment that he could then get a better compromise with his creditors, and that he wanted to make it to get a better settlement with his creditors; nor in allowing a conversation to be detailed, had with Cochel & Bechtel in the presence of Barrick, the assignee, the day after the assignment was made, at a meeting of the creditors, held for the purpose of effecting a compromise. The presence of Barrick, the assignee, at this conversation made what was then said admissible.

It is also objected that the court erred in excluding the deposition of one Elliott, to the effect that, on January 1 and 2, 1885, as the representative of certain creditors, he asked the cashier of the Bank of Tipton for his opinion as to the financial condition of Cochel & Bechtel, and was told that they, in his judgment, were solvent; that they owed the bank two thousand dollars, for which the bank held no security, but they were not uneasy; that, in his judgment, the firm was worth four or five thousand dollars clear of the world or above their exemptions. In view of the fact in evidence that Cochel & Bechtel had made a showing or representation to the officers of the bank to the effect that they had several thousand dollars of assets over and above their liabilities, we are unable to perceive the relevancy of this evidence offered.

It is also insisted, on the authority of the cases of *Holmes v. Braidwood*, 82 Mo. 610 ; *Shelley v. Boothe*, 73 Mo. 77 ; and *Albert v. Besel*, 88 Mo. 150, that the court erred in giving the following instruction :

"1.    If the jury believe, from the evidence, that the assignment of Cochel & Bechtel to Barrick was made by Cochel & Bechtel for the purpose and with the intent of hindering, delaying, or defrauding any of their creditors, and that said Barrick had notice thereof, then said assignment was fraudulent, and the finding of the jury must be for the defendant."

Conceding this contention to be well founded, the interpleader, under the ruling made in the case of *Holmes v. Braidwood, supra*, is not in a position to take advantage of it, since the same vice of which he complains in the above instruction is to be found in the eighth and ninth instructions given by the court at his own instance.

The action of the court in refusing instructions, asked by the interpleader, numbered six, ten, eleven, twelve, thirteen, sixteen, and twenty, is also complained of.    Among those refused is the following :

"Although the jury may believe that the making of the assignment had the effect of hindering or delaying, and was made with the intent and purpose to hinder or delay, the creditors of said Cochel & Bechtel, or any one or more of them ; yet, if the only hindrance and delay intended was such as would be incidental to and a result of carrying out the said deed of assignment, it cannot be fraudulent because of the effect and intent above stated."

In refusing this instruction we are of the opinion that the court committed error.    See, in addition to the cases last above cited, the following : *Potter v. McDowell*, 31 Mo. 75 ; *Singer v. Goldenburg*, 17 Mo. App. 550.    The right of a party in embarrassed circumstances to make an assignment of all of his property for the

Hazell v. Bank of Tipton.

payment of his debts and the benefit of all his creditors, cannot be questioned, and if, in the exercise of this right, he only intends such delay and hindrance to his creditors as would follow as an incident to the assignment, such intent cannot invalidate the assignment as being fraudulent.

The sixth and twentieth refused instructions were in the nature of a demurrer to the evidence, and were properly refused, as there was some evidence, though slight, justifying the submission of the good faith of the parties to the assignment. The other refused instructions were substantially embraced in others that were given and were for that reason properly refused.

As the error noted is sufficient to reverse the judgment, it is unnecessary to notice the objections made to the action of the court in refusing to submit special issues to the jury, inasmuch as the present state of the law on that subject takes that question out of the case.

Judgment reversed and cause remanded, in which all concur, except Ray J., absent.