THE CHICAGO, SANTA FE & CALIFORNIA RAILWAY COMPANY, Appellant, v. JAMES R. VIVIAN et al., Respondents.

Kansas City Court of Appeals, February 4, 1889.

1. **Practice :** INSTRUCTION : COMMON ERROR. It is settled law that an instruction which assumes the existence of facts in issue is faulty, and this vice would well be fatal to the instructions complained of by appellant, were it not that the same vice exists in instructions asked by appellant and given by the court. A party cannot assign for error here a technical blunder which he waived on the trial by adopting. The maxim, communis error facit, applies.

2. ——— : INSTRUCTIONS TAKEN TOGETHER. Though the defendants' instructions may not confine the jury to the assessment of only such damages as may be recovered in condemnation proceedings, yet plaintiff's own instructions do ; and the instructions of plaintiff and defendants, taken together and in their entirety, clearly and explicitly declare to the jury the correct boundary lines in which they are restricted in their inquiry and assessment of damages, and there is nothing in them calculated to mislead ; then, there is no just ground of complaint on account of the defect in defendants' instructions. ( Following Muehlhausen v. Railroad, 91 Mo. 332, and Bailey v. Railroad, 94 Mo. 600.)

8. ——— : ——— : DAMAGES IN CONDEMNATION PROCEEDINGS. Plaintiff's first instruction told the jury, in estimating the damages, they should consider the quality and value of the lands taken by the plaintiff railway for right of way, and damage, if any, to the remainder of the lands and mill property of defendants by reason of the road running through the same, and deduct from these amounts the amount of the value of the benefits, if any, peculiar to said lands from the running of the said railway through the same, and so supplements defendants' instruction numbered three and constitutes a substantially correct rule for the government of the jury.

4. **Appellate Practice:** ERROR NOT COMPLAINED OF IN MOTION FOR NEW TRIAL : NOT REVIEWABLE. Where plaintiff, in its motion for a new trial, did not complain that the damages assessed were excessive, such complaint cannot be heard here, the rule in this state being now settled that the appellate court will not review the alleged errors of the trial court committed in the progress of the trial, unless the attention of the court is especially called to the errors in a motion for a new trial, so as to afford it in the first instance an opportunity to correct the error.

*Appeal from the Carroll Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*Gardiner Lathrop, T. J. Whiteman, Kinley & Wallace,* for appellant.

(1) The appellate court will interfere when the damages assessed by the jury are flagrantly excessive, and show an entire want of fairness and impartiality. *Railroad v. Campbell,* 62 Mo. 585 ; *Mac. Road Co. v. Dennis,* 67 Mo. 438 ; *City v. Railroad,* 84 Mo. 410. (2) The court erred in giving instructions numbered one and three asked for by defendants, for the reason that they assume as true matters in issue. *Ins. Co. v. Seminary,* 52 Mo. 480 ; *Peck v. Ritchey,* 66 Mo. 114 ; *Mascheck v. Railroad,* 3 Mo. App. 600. (3) The court erred in giving instructions numbered one, two and three asked for by defendants for the reason that said instructions fail to distinguish between the legal damages which are properly allowed in condemnation proceedings and damages which are the subject of an independent action and are not properly allowed in condemnation proceedings. Mills on Em. Dom. sec. 220 ; *McCormick v. Railroad,* 57 Mo. 433 ; *Jackson v. Portland,* 63 Me. 55 ; *Dodge v. Commissioners,* 3 Metc. 380 ; *Bailey v. Mayor,* 3 Hill, 531 ; *Canal v. Lee,* 22 N. J. L. 243 ; *Railroad v. Colt,* 3 Macq. H. L. Cas. 833 ; *Turner v. Railroad,* 3 Eng.

& Am. Ry. Cas. 222 ; *Lawrence v. Railroad*, 6 Eng. & Am. Ry. Cas. 656 ; *Brine v. Railroad*, 31 L. J. (Q. B.) 101 ; *Bridge Co. v. Southampton*, 21 L. J. (Q. B.) 41. (4) The court erred in giving instruction number three, asked for by defendants, for the reason that it does not properly state the measure of damages in condemnation proceedings. *Welsh v. Railroad*, 19 Mo. App. 127; *City v. Schmook* 68 Mo. 395 ; *Dupuis v. Railroad*, 115 Ill. 97 ; *Hornstein v. Railroad*, 51 Pa. St. 87–90 ; *Railroad v. McDougal*, 27 Eng. & Am. Ry. Cas. 386 ; Mills on Em. Dom. sec. 159, and cases cited ; *Railroad v. Caldwell*, 31 Cal. 367 ; *Matter of Railroad*, 56 Barb. 456 ; *Railroad v. Budlong*, 12 N. Y. Leg. Obs. 467 ; *Railroad v. Bunnell*, 81 Pa. 414 ; *Railroad v. Braham*, 79 Pa. 447 ; *Railroad v. Hottenstine*, 47 Pa. 28 ; *Nav. Co. v. Farr*, 4 Watts & L. 362 ; *Nav. Co. v. Tholburn*, 7 Serg. & R. 411 ; *Tidewater Co. v. Archer*, 9 Gill & J. 479 ; *Railroad v. Keith*, 53 Ga. 178 ; *Sidener v. Essex*, 22 Ind. 201 ; *Railroad v. Stein*, 75 Ill. 41 ; *Eberhart v. Railroad*, 70 Ill. 347 ; *Railroad v. Railroad*, 27 Wis. 478 ; *Gear v. Railroad*, 39 Iowa, 23 ; *Simmons v. Railroad*, 18 Minn. 184 ; *Railroad v. Henry*, 8 Nev. 165 ; *Cummings v. Williamsport*, 84 Pa. 473 ; *Putnam v. County*, 6 Oreg. 328 ; *Page v. Railroad*, 71 Ill. 324 ; *Railroad v. Francis*, 70 Ill. 238.

*L. H. Waters, Mirick & Young* and *Morton Jourdan*, for respondent.

(1) The court will not reverse the cause, merely on account of excessive damages, unless they are such as under the circumstances shock the understanding and induce the conviction that the verdict was the result of passion, prejudice, partiality or corruption. The damages assessed were not excessive. *Mann v. Rich Hill*, 28 Mo. App. 497 ; *City v. Railroad*, 84 Mo. 410 ; *Klutts v. Railroad*, 75 Mo. 642 ; *Wolf v. Trinkee*, 1 West.

Rep. 497. (2) Instructions numbered one and three do not assume as true matters in issue. If they do, appellant has fallen into same error by asking instructions numbered one, two, five, six, seven and eight, all of which make like assumptions. The only issue was defendant's measure of damage, not whether they had been damaged. *Hazel v. Bank*, 95 Mo. 60 ; *Holmes v. Braidwood*, 82 Mo. 410. (3) Instruction number two, given by the court on part of defendant, is a literal copy of instruction number eight given and approved in case of *Combs v. Smith*, 78 Mo. 32. Instruction number one, given by court on part of defendant, is taken from instructions given and approved in case of *Railroad v. Abell*, 18 Mo. App. 632. Instruction number three enunciates a correct position of law. *Welch v. Railroad*, 19 Mo. App. 127 ; *Railroad v. Ridge*, 67 Mo. 599. Appellant's instructions numbered five and seven declare same rule as to measure of damages as is laid down in defendants' instructions, and therefore it cannot complain.

SMITH, P. J.—This is a statutory proceeding by the railway company to acquire, by condemnation proceedings, a right of way over and through certain lands of the defendants in Carroll county. The petition was filed on the eighteenth day of May, 1887, and is in the ordinary form. Notice was duly served on the defendants on the twentieth day of May, and on the first day of June, 1887, commissioners were appointed to assess their damages. The commissioners' report was filed in the office of the circuit clerk of Carroll county, on the fourth day of June, 1887, a majority of the commissioners fixing their damages at forty dollars. On the seventh day of June the defendants were duly notified of the filing of the commissioners' report. On the sixteenth day of June, 1887, the defendants filed written exceptions to the report of the commissioners, "because the estimate of damages is unreasonable, insufficient and inadequate." The exceptions concluded with a prayer

for the court "to review the same and such order and judgment make as may in the premises be just and right." The exceptions were sustained by the court; the award of damages was set aside, and an order made that the assessment of damages be submitted to a jury at the following term of court. At the December term of the Carroll circuit court, the matter of damages was submitted to a jury, whose verdict was for the defendants in the sum of two thousand dollars. After an unsuccessful motion to set aside the same, judgment was rendered, from which the plaintiff appealed. Two grounds of error are assigned here by the plaintiff: (1) That the trial court erred in giving instructions numbered one, two and three asked by defendants; (2) that the court erred in overruling the plaintiff's motion for a new trial. Considering the questions presented in the order of their presentation, we will first examine the instructions to which our attention has been directed.

I. It is plaintiff's contention that the circuit court erred in giving for defendants instructions numbered one and three, for the reason that they assume as true matters in issue. It has been long and well settled that an instruction is faulty which assumes the existence of facts that are in issue. *Insurance Co., v. St. Mary's Seminary*, 52 Mo. 480; *Peck v. Richey*, 66 Mo. 114. By reference to the defendants' instructions just mentioned, it will be observed that they severally assume that the defendants had sustained damages, and then proceed to indicate rules for the admeasurement of the same by the jury. This is a *vice* to which objection might well be made by plaintiff, were it not that six of the ten instructions asked by it and given by the circuit court are obnoxious to the same objection. A party cannot assign error by objecting here to a technical blunder which he waived on the trial by adopting the error. *Communis error facit* is a maxim which is not without application here. *Noble v. Blount*, 77 Mo.

241; *Leabo v. Goode*, 61 Mo. 126; *Holmes v. Braidwood*, 82 Mo. 610; *Hazell v. Bank*, 95 Mo. 60; *Mape v. Railroad*, 89 Mo. 650.

II.   The plaintiff assails defendants' instructions numbered one, two and three, upon the distinctive ground that they fail to distinguish between legal damages, which are properly allowable in condemnation proceedings and damages which are subject to an independent action, and not allowable in condemnation proceedings.   While it may be true, as contended by the learned counsel for plaintiff, that the defendants' instructions do not confine the jury to the assessment of only such damages as may be recovered in condemnation proceedings, yet the plaintiff's own instructions numbered seven and nine do.   The instructions of the plaintiff and defendants, taken together and in their entirety, clearly and explicitly declared to the jury the correct boundary lines in which they were restricted in their inquiry and assessment of damages.   The principles they announce have the sanction of authority at home and abroad.   Mills on Em. Dom. (2 Ed.) sec. 220; *McCormack v. Railroad*, 57 Mo. 433; *Jackson v. Dodge*, 63 Me. 55; *Dodge v. Commissioners*, 3 Metc. 380; *Turner v. Railroad*, 3 Am. & Eng. Ry. Cases 222.   If the rule of practice laid down in *Sullivan v. Railroad*, 88 Mo. 183, had not been in effect overruled by the later cases of *Muehlhausen v. Railroad*, 91 Mo. 332, and *Bailey v. Railroad*, 94 Mo. 600, there might be force in the plaintiff's point.   But taking the instructions as a whole, as we must do, the law applicable to the case, we think, was fairly embraced in them.   There is nothing in them that was calculated to mislead the jury. There is no just ground of complaint on this account.

III.   The plaintiff complains that the defendants' third instruction does not properly state the measure of damages in a proceeding of this kind.   This instruction in substance seems to have been approved in *Welch v.*

*Railroad*, 19 Mo. App. 127.   The first instruction for the plaintiff told the jury that, in estimating the damages, they should consider the quality and value of the lands taken by the plaintiff railway 'for right of way and the damages, if any, to the remainder of the lands and mill property of defendants, by reason of the road running through the same, and deduct from these amounts the amount of the value of the benefits, if any, peculiar to said lands from the running of the said railway through the same.   As has already been stated, we must take the instructions in their entirety and as a whole ; and under this rule the plaintiff's instruction numbered one may be taken as the supplement to that of the defendants numbered three, and the two thus coupled present a substantially correct rule for the government of the 'jury in the assessment and admeasurement of the damages.   A rule is thus furnished which properly directed the jury to consider the peculiar benefits, if any, that would enure to defendants when the said railway should be constructed.   These two instructions are in no way repugnant nor inconsistent.   Even if the defendants' said instruction numbered three does not fully declare the rule of law for the measure of damages in a case of this sort, the plaintiff's complaint thereat cannot be heard since the error is common, it being contained also in one or more of the instructions of the plaintiff.   *Hazell v. Bank*, 95 Mo. 60, *supra*.   The instructions may be severally subject to the same slight verbal criticism, but in their entirety they are unexceptionable.

IV.   The plaintiff in its motion for a new trial did not allege as a ground therefor that the damages assessed by the jury were excessive, although this ground is urged upon our attention.   Whatever may have been the rule of practice laid down in some of the earlier cases in this state, it seems that the supreme court will not now review the alleged errors of the trial

court committed in the progress of the trial, unless the attention of the court is *specially called to the errors in a motion for a new trial so as to afford it in the first instance an opportunity to correct the error.* *Bollinger v. Carrier*, 79 Mo. 318 ; *Light v. Railroad*, 89 Mo. 108. But, however this may be, we have looked through the evidence in this case, and find such diversity and conflict of opinion amongst the witnesses, who are equally credible and qualified to judge, so far as we know, as to the amount of damages that the defendants would sustain by reason of the appropriation of their land by the plaintiff for railway purposes, that we are unable to conclude that the damages are so excessive as to warrant our interference even if we had the power to do so. Nor can we say in the face of the evidence that the damages assessed by the jury are so flagrantly unjust as to justify the conclusion that improper considerations influenced the verdict. *City of Kansas v. Railroad*, 84 Mo. 410. Nor that error was committed by the circuit court against the plaintiff, materially affecting the merits of the action. R. S. sec. 3775. The other judges concurring, the judgment is affirmed.