Missouri Pacific Railway Company, Plaintiff in Error, v. F. G. Schoennen *et al.*, Defendants in Error.

Kansas City Court of Appeals, December 2, 1889.

1.  **Appellate Practice:** INSTRUCTIONS TAKEN TOGETHER, NOT MISLEADING. Although the instructions given for one party may be subject to criticism, yet, if all the instructions, taken together as a whole, present the case to the jury in an intelligible manner and are not misleading in character, the judgment should not be disturbed.

2.  **Instructions:** COMMON FAULT.  A party condones a fault in his opponent's instructions by incorporating the same vice in his own.

*Error to the Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*T. J. Portis* and *Silver & Brown*, for plaintiff in error.

(1) (*a*) The first instruction for defendants is erroneous, in that it does not confine the value of the land taken to the market value.  The damages to be awarded should be the market value of the property for any purpose for which it is adapted, or for which it may be used.  Mills on Eminent Domain [2 Ed.] sec. 168; *Railroad v. Woodruff*, 49 Ark. 381; *Railroad v. Jacobs*, 110 Ill. 414; *Railroad v. Railroad*, 112 Ill. 589; *Boom Co. v. Patterson*, 98 U. S. 403; *Bridge Co. v. Ring*, 58 Mo. 49; *Railroad v. Abell*, 18 Mo. App. 637.  (*b*) The first instruction given for defendants is further erroneous in that it makes the measure of damages the peculiar value of the land to the defendants.  The correct rule is the value of the property for sale, in view of the uses to which it may be put.  Mills on Eminent Domain [2 Ed.] sec. 173; *Bridge Co. v. Ring*, 58 Mo. 491; *Railroad v. Doughty*, 22 N. J. L. 495; *Railroad v. Patterson*, 107 Pa. St. 461.  (*c*) The first instruction given for defendants is also erroneous, in that it allows the valuation to be made as of the time of the taking, although the value of the land was enhanced by the previous location and building of the road upon it by the license of defendants.  The owner is not entitled to the increased value occasioned by the proposed improvement.  The value should be estimated irrespective of the proposed improvement.  Mills on Eminent Domain [2 Ed.] sec. 174; Pierce on Railroads, p. 219; *Sater v. Road Co.*, 1

Iowa, 386; *Carli v. Railroad*, 16 Minn. 260. If the railroad company has, with the owner's consent or under color of right, made an entry and laid tracks or constructed other works, the owner is only entitled to the value of the land irrespective of such improvements. Pierce on Railroads, p. 219; *Emerson v. Railroad*, 75 Ill. 176; *Justice v. Railroad*, 87 Pa. St. 28; *Railroad v. Devaney*, 42 Miss. 555; *Hendry v. Railroad*, 24 Am. & Eng. R. R. Cases, 286; *Railroad v. Railroad*, 20 Am. & E. R. R. Cases, 309; *Railroad v. Dunlap*, 47 Mich. 456; *Ellis v. Railroad*, 17 N. E. Rep. 62. (2) (*a*) The second instruction given for defendants is erroneous, in that it makes the measure of damages the actual value instead of the market value of the land. Mills on Eminent Domain [2 Ed.] sec. 168; *Railroad v. Woodruff*, 49 Ark. 381; *Railroad v. Jacobs*, 110 Ill. 414; *Railroad v. Railroad*, 112 Ill. 589; *Boom Co. v. Patterson*, 98 U. S. 403; *Bridge Co. v. Ring*, 58 Mo. 491; *Railroad v. Doughty*, 22 N. J. L. 495; *Railroad v. Patterson*, 107 Pa. St. 461; *Railroad v. Ridge*, 57 Mo. 599. (*b*) It is further incorrect in allowing the improvements put upon the land prior to the institution of this proceeding by the plaintiff, with the permission of the defendants, to be taken into consideration in estimating the damages. Pierce on Railroads, p. 219; *Emerson v. Railroad*, 75 Ill. 176; *Justice v. Railroad*, 87 Pa. St. 28; *Railroad v. Devaney*, 42 Miss. 555; *Hendry v. Railroad*, 24 Am. & E. R. R. Cases, 286; *Railroad v. Railroad*, 20 Am. & E. R. R. Cases, 309; *Railroad v. Dunlap*, 47 Mich. 456; *Ellis v. Railroad*, 17 N. E. Rep. 62; *Carli v. Railroad*, 16 Minn. 260; *Sater v. Road Co.*, 1 Iowa, 386; Mills on Eminent Domain [2 Ed.] sec. 174. (3) The fourth instruction is erroneous in submitting to the jury the question of the peculiar value of the land for storing and banking railroad ties and other freights and receiving and forwarding the same. Its value for such purposes was the result only of the location of the road

upon it by permission of the defendants, and was not an element of damages.   Defendants were only entitled to the value of the land in such case irrespective of the improvements.   Pierce on Railroads, p. 219; *Emerson v. Railroad*, 75 Ill. 176; *Justice v. Railroad*, 87 Pa. St. 28; *Railroad v. Devaney*, 42 Miss. 555; *Hendry v. Railroad*, 24 Am. & E. R. R. Cases, 286; *Railroad v. Railroad*, 20 Am. & E. R. R. Cases, 309; *Railroad v. Dunlap*, 47 Mich. 456: *Ellis v. Railroad*, 17 N. E. Rep. 62.   (4) Plaintiff's and defendants' instructions are inconsistent and cannot stand together.   It cannot be told which the jury took for their guide.   It is error to give instructions which are repugnant and inharmonious.   *Stone v. Hunt*, 94 Mo. 475; *Frederick v. Allgaier*, 88 Mo. 598; *Stevenson v. Hancock*, 72 Mo. 612.

*W. S. Pope* and *Edwards & Davison*, for the defendants in error.

(1) The evidence in this case is not preserved and plaintiff having in his brief abandoned all questions except the giving instructions for defendants, it will be difficult for the court to understand, as it is for the defendants, upon what ground the reversal is asked. The instructions are fully sustained by the following authorities:  18 Mo. App. 637; 70 Mo. 629; 96 Mo. 611; this case, 622.   The measure of damages as laid down in defendants' second instruction is fully authorized by the decisions of our own courts.  90 Mo. 538–544; 70 Mo. above referred to.   The measure of damages is not as contended by plaintiff.   57 Mo. 599; 25 Mo. 544; 25 Mo. 276; 53 Mo. 178; 45 Mo. 466.   (2) When the instructions, taken together, present the case fairly to the jury, the court will not disturb the verdict.   Even though such instructions may be subject to criticism. Taking the instructions in this case together they fairly present the law of the case, and the finding will not be

disturbed.   94 Mo. 600, especially p. 611; *Reilly v. Railroad*, 56 Mo. 289; *Hoenschen v. O'Bannon*, 52 Mo. 524; *Porter v. Harrison*, 43 Mo. 405; *McKeon v. Railroad*, 43 Mo. 586; 42 Mo. 490.   (3) The errors which are alleged against the defendants' instructions are well disposed of in a very able and clear opinion rendered by the presiding judge of this court, and fully answers every possible objection that could be suggested by appellant.   We refer to the case of *Railroad v. Vivian*, 33 Mo. App. 583.   Especially that part of the opinion on pages 588 and 589.   Also a party will not be heard to complain of error in giving an instruction when he leads the court into the error.   *Railroad v. Vivian, supra;* 95 Mo. 60.   The complaint of plaintiff of defendants' fourth instruction will not be entertained in this court.

ELLISON, J.—This is a proceeding instituted by the plaintiff to condemn property of the defendants as being necessary for its use as a public corporation. Plaintiff appeals from the damages assessed against it.

The litigation, if we may rely upon the statement in the briefs, has been quite protracted.   The evidence produced below is not preserved and our review of errors alleged is confined to the instructions of which complaint is made.

We have examined these and find that there were none refused for either side, objections being only taken to those given for the defendants.   If we were to confine ourselves to those given for the defendants we might readily admit that some of them are fairly subject to criticism, but when we consider them in connection with those given at plaintiff's request, we are inclined to hold that as a whole they present the case to the jury in an intelligible manner, and that they are not misleading in character.   When such is the case the judgment should not be disturbed for that cause. *Reilly v. Railroad*, 94 Mo. 600, 611; *Porter v. Harrison*,

52 Mo. 524. Complaint is specially urged against instruction number 4, in that it allows damage for any special or peculiar value by reason of the property's front on the Osage river, or for the purpose of storing, receiving and forwarding freight. Without considering whether such instruction is right or wrong, we say that if wrong the error was condoned by plaintiff's third instruction in which the same vice appears. *Railroad v. Vivian*, 33 Mo. App. 583.

After a full consideration of all the points made by appellant we are satisfied that no error was committed materially affecting the merits of the cause, and the judgment will therefore be affirmed. GILL, J., concurs; SMITH, P. J., not sitting.