Albert v. Besel.

ALBERT v. BESEL; REGENHARDT *et al.*, *Interpleaders,*
*Appellants.*

1. **Surety** : FRAUDULENT CONVEYANCE. A surety may buy property of his principal to protect himself on his suretyship, and may do this although the purchase may operate to hinder and delay creditors of the principal of their demands, and although the surety knew that the debtor intended the sale to have that effect, *provided* the surety did not participate in the fraudulent purpose of the debtor.

2. **Fraud**: BURDEN OF PROOF. Where a bill of sale to one is regular on its face and he is in possession of the property purported to be transferred by it, the burden of proof is on him who assails it in an attachment suit, to show that the transaction was fraudulent, and this is true although the party claiming under the bill of sale may have averred in his interplea that the sale was in good faith.

3. **Instructions.** The proper province of an instruction is to submit questions of fact, not propositions of law.

4. **Evidence** : INTERPLEA. On the trial of an interplea issue in an attachment suit, the affidavit for the attachment is not competent evidence against the interpleader.

5. ———: ———. Nor is it competent on the trial of such interplea to prove the absence of any evidence showing the application of such testimony, that the interpleader and the grantor in the bill of sale, under which the former claimed the property, were members of the same church.

6. ———: DECLARATIONS OF VENDOR AFTER SALE. Declarations of one after he has parted with the ownership and possession of property and not made in the presence of his vendee, are inadmissible in evidence against the latter.

*Appeal from Cape Girardeau Court of Common Pleas.*
HON. R. B. OLIVER, Special Judge.

REVERSED.

*Wilson Cramer* and *E. D. Englemann* for appellants.

(1) Regenhardt should have been allowed to state

why certain notes were taken up and new ones given in their stead. Bump on Fr. Conv. (2 Ed.) 574; *Potter v. McDowell*, 31 Mo. 73. (2) The attachment affidavits read in evidence were incompetent. (3) The declarations of Besel, made after the transfer and while his grantees were in possession of the property conveyed, were not admissible against him. *Stewart v. Thomas*, 35 Mo. 202; *Sutter v. Lackmann*, 39 Mo. 91; *Exchange Bank v. Russell*, 50 Mo. 531; *Boyd v. Jones*, 60 Mo. 471. (4) A debtor may prefer one creditor to another. *Shelley v. Boothe*, 73 Mo. 74; *Daugherty v. Cooper*, 77 Mo. 528; Bump Fr. Conv. 178. Nor is such right affected by the creditor's insolvency or the debtor's knowledge of it. (5) In order to make a conveyance fraudulent, the debtor must participate in the fraud. *Ryan v. Young*, 79 Mo. 32; *Forrester v. Moore*, 77 Mo. 651; *Shelley v. Boothe*, 73 Mo. 77. (6) Fraud will not be presumed, and there is nothing to show that interpleaders acted from any other motive than to save themselves from loss. *Funkhouser v. Lay*, 78 Mo. 462; *Massey v. Young*, 73 Mo. 273; *Henderson v. Henderson*, 55 Mo. 534; *Rumbolds v. Parr*, 51 Mo. 592; *Page v. Dixon*, 59 Mo. 43; Lawson's Presump. Evid., 93, 98 and 439.

*J. B. Dennis* for respondent.

(1) There is no error in the trial of the cause in the lower court. (2) The several attachment suits were offered to show the probable amount of Besel's indebtedness. (3) Instructions numbered three, four and five given for respondent declare the law as announced by this court. *Porter v. McDowell*, 31 Mo. 62; *Porter v. Stevens*, 40 Mo. 229; *Claflin v. Rosenberg*, 42 Mo. 439; *Wright v. McCormick*, 67 Mo. 426; *Shelley v. Boothe*, 73 Mo. 74.

BLACK, J.—The defendant, Besel, on the twenty-second of March, 1883, made a mortgage to Meyer on his stock of goods to secure a debt of four hundred and fifty dollars. Schivelbeine about the same time sued Besel for a debt of four hundred dollars. The appellants, Regenhardt, Kempe and Popp, being sureties for Besel, became alarmed, and on the twenty-sixth of April following purchased Besel's entire stock of goods, agreeing to pay him therefor two thousand one hundred dollars, received a bill of sale, and at once took possession of the property so purchased. In payment therefor they gave their notes to the creditors before named, and thus satisfied the mortgage and pending suit. They also gave their notes to the other persons in payment of debts of Besel and upon which they or one or more of them were sureties. The debts thus assumed, including a rent account, amounted to about $2,000. Two days later the plaintiff brought this suit and attached the property so sold; other creditors brought like attachment suits. The appellants interpleaded for the property setting up their purchase. The plaintiff took issue on the interplea, alleging that the sale was fraudulent. The evidence in general tends to show that the interpleaders paid for the goods the fair value, and that they purchased the same for the sole purpose of protecting themselves, because of their suretyship for Besel on the debts assumed.

They had a perfect right to buy the goods for that purpose, though the purchase might operate to hinder and delay the other creditors in the collection of their demands, and though to their knowledge Besel intended the sale should have that effect, provided they did not participate in the fraudulent purpose of Besel. The instructions given at the request of the interpleaders proceed upon the principles heretofore announced in *Shelley v. Boothe*, 73 Mo. 74, and *Holmes v. Braidwood*,

82 Mo. 610, and need no special consideration. The first instruction given for the plaintiff placed the burden of proof upon the interpleaders to show that the sale to them was made in good faith and without any intent to defraud the creditors of Besel. The bill of sale is regular on its face. Interpleaders were in possession of the property when the writ of attachment was levied; the plaintiff seeks to show that the sale was fraudulent and, therefore, void as to him. The burden of proof was upon him to show that the transaction was in fact fraudulent, and the instructions should not have been given. *Gulzweiler, Adm'r, v. Lackmann*, 39 Mo. 91. It makes no difference in this respect that the interpleaders in their interplea say the sale was in good faith. There is really no evidence in the case tending to show that the interpleaders ever agreed to turn back to Besel any part or portion of the goods purchased by them, and for this reason the third instruction given at the request of the plaintiff, which hypothecates in part that state of facts, should not have been given. It is well enough as a proposition of law to say that: ''Fraud is seldom susceptible of direct proof, but may be established by a number and variety of circumstances, which though apparently trivial and unimportant when considered separately, may, when combined together, afford irrefragable proof of fraud.'' But an instruction couched in that language is more liable to mislead jurors than to aid them in the determination of questions of fact. It is true the instruction uses almost the exact language used by the court in *Hopkins v. Sievert*, 58 Mo. 201, but it does not follow that it is good as an instruction. The proper province of an instruction is to submit questions of fact, not propositions of law. It is well enough to instruct that although it devolves upon the party alleging fraud to prove it, yet the proof need not be of a direct or positive character, but may be gathered from the surrounding circumstances indicative of a design to

hinder, delay or defraud creditors. *Burgert v. Borchert*, 59 Mo. 80.

The affidavit for attachment made in this suit and those made in the other suits, stating that Besel had fraudulently disposed of his property, etc., were wholly incompetent. It is impossible to see upon what ground or for what purpose they could be received as evidence on the trial of the interplea. They should have been excluded. Again if the plaintiff desired to show that Besel was indebted to other persons he should have done so by competent evidence. The production merely of accounts sued upon and upon which judgment had not been recovered was not sufficient proof. It does not appear that the accounts were admitted by the debtor to be correct. It was entirely competent for Regenhardt when on the witness stand to state why and for what purpose they, the interpleaders, took up the notes held by others and gave their notes therefor ; so, too, it was proper for him to state whether or not he knew the notice of sale under the Meyer mortgage had been posted. Several witnesses were allowed to state that interpleaders and Besel belonged to the same church organization, and not a word of evidence is offered to give such testimony any application to the case. While we might not feel justified in reversing a cause because of the admission of such evidence, still it was irrelevant and ought to have been excluded. Declarations of Besel made after the sale was completed, and after the interpleaders had taken possession of the property, and not made in their presence or that of either of them, should have been excluded. They were not competent evidence as against the interpleaders, the vendees. *Stewart v. Thomas*, 35 Mo. 207 ; *Enders v. Richards*, 33 Mo. 598 ; *Weinrich v. Porter*, 47 Mo. 293. The judgment is reversed and the cause remanded. All concur.