W. W. KENDALL ET AL., Appellants, v. BALTIS & BALTIS, Defendants; MATHIAS BALTIS, INTERPLEADER, Respondent.

Kansas City Court of Appeals, May 23, 1887.

PRINCIPAL AND SURETY—RIGHTS OF SURETY TO PROTECT HIMSELF—CASE ADJUDGED.—A surety has the right to take a conveyance of property from his principal, for the purpose of enabling him to pay a debt for which he is surety, and the conveyance is good against the creditors of the principal ; and this, although the principal may have intended to hinder and delay other creditors in the collection of their debts, by making the sale and conveyance ; and, although the surety knew of such intention, on the part of his principal, *provided* he did not *participate* in the intent of his principal, and acted for the purpose of paying the debt, for which he is surety, and protecting himself.

APPEAL from Livingston Circuit Court, HON. C. H. MANSUR, Special Judge.

*Affirmed.*

The case is sufficiently stated in the opinion of the court.

JOHN D. BOYD and L. H. WATERS, for the appellants.

I. The sole *consideration* of the sale of the goods in controversy, by Baltis Brothers to their father, was, that "he should *assume and pay*" certain notes of theirs, on which the father was security. He was not, in contemplation of law, their *creditor*. No right of action enures to a surety, against his principal, *until the security debt is paid*. *Hearne et al. v. Keath et al.*, 63 Mo. 84 ; *Berthold's Adm'r v. Berthold*, 46 Mo. 557 ; *Anslie v. Wilson*, 7 Cowen, 662 ; *Kritzer v. Smith*, 21 Mo. 296.

II.   The evidence is clear that the sale was made to provide for the *home creditors* of the firm, and to keep the foreign creditors off, and that the purchaser was fully advised as to the *financial condition* of the firm, and as to the purpose for which the sale was made, and, therefore, he was not a *bona fide* purchaser.   *Durkee v. Chambers*, 57 Mo. 575 ; *Burgert v. Borchert*, 59 Mo. 80 ; *Bobb v. Woodward*, 50 Mo. 95 ; *Arnholt v. Hartwig*, 73 Mo. 485.

III.   If Mathias Baltis *knew* that the sale to him was made to *delay or hinder* any of the creditors of Baltis Brothers, the transfer was *fraudulent*, as to the creditors of Baltis Brothers, *without regard to the intention of the purchaser.*   *Craig v. Zimmerman*, 87 Mo. 475.

IV.   The court *erred* in *giving*, on behalf of the interpleader, instructions numbered one, two, three, four, and five.   *Hearne et al. v. Keath et al., supra ; Kritzer v. Smith, supra ; Durkee v. Chambers, supra ; Bobb v. Woodward, supra ; Craig v. Zimmerman, supra.*

V.   *The court erred in refusing* to give, on behalf of plaintiffs, Kendall & Company, instructions numbered one to eleven, both inclusive.

VI.   The court *erred in giving, on its own motion,* instructions numbered one, two, three, four, and five. *They do not state the law of the case.*

R. R. KITT, E. J. BROADDUS, and J. E. WAIT, for the respondent.

I.   The interpleader *was a creditor of Baltis Brothers*, for the *purposes of this suit.   Duvall v. Raisin*, 7 Mo. 449 ; *Scott v. Bailey*, 23 Mo. 140 ; *Albert v. Besel*, 88 Mo. 150 ; *Cook v. Johnson*, 12 N. J. Eq. 51 ; *Cramer v. Bedford*, 17 N. J. 367 ; *Chouteau v. Jones*, 11 Ill. 300 ; Brandt on Surety and Guarantor, p. 301, sect. 213.

II.   *Fraud is not to be presumed* when all the facts are as consistent with honesty and fair dealing as with fraud.   *Rumbold v. Parr*, 51 Mo. 592 ; *Henderson v.*

*Henderson et al.*, 55 Mo. 534 ; *Singer v. Goldenberg,* 17 Mo. App. 549 ; *Hausmann v. Hope,* 20 Mo. App. 193.

III.   When a sale is *made, for a full price,* for paying *certain debts* of the vendor, a jury is not at liberty to *deduce fraud* from what the law pronounces honest. *Bank v. Carter,* 38 Pa. St. 446 ; *Hausmann v. Hope,* 20 Mo. App. 193 ; *Greyer v. Harrington,* 33 Vt. 245.

IV.   Instructions should be taken as an *entirety,* and a judgment will not be reversed for erroneous instructions, when the judgment is for the right party. *Noble v. Blount,* 77 Mo. 235 ; *Davis v. Brown,* 67 Mo. 333 ; *Moore v. Railroad,* 73 Mo. 438 ; *McKeen v. Railroad,* 43 Mo. 405 ; *State ex rel. v. True,* 20 Mo. App. 176 ; *Yocum v. Trenton,* 20 Mo. App. 489.

V.   The instructions asked for plaintiff, *and given,* adopted the theory of the interpleader, and it is too late to complain.

VI.   A debtor may prefer one creditor, to the exclusion of others.

VII.   In *Hearne v. Keath* (63 Mo. 84), the court holds that a security cannot commence suit, *by attachment,* against his principal, till he has paid his debt. In *Berthold v. Berthold* (46 Mo. 557), the court holds that if the security first pays the debt, he is *subrogated to rights* of principal in all securities.   In *Kritzer v. Smith* (21 Mo. 296), *there is no analogy to the case at bar, at all.*   In *Arnholt v. Hartwig* (73 Mo. 485), the sole question was as to a *purchase, with notice.*   In *Craig v. Zimmerman* (87 Mo. 475), there was the same question. *Durkee v. Chambers* (67 Mo. 575), was a question between creditors and assignee, *with notice of fraud.   Bobb v. Woodward* (50 Mo. 95), and *Burgert v. Borchert* (59 Mo. 80), is a purchase, and appellant's refused instructions came within the class of cases spoken of by Norton, J., in *Shelley v. Boothe* (73 Mo. 74), where this would apply, *but not applicable to this case.*

HALL, J.—On October 19, 1885, the defendants, Baltis & Baltis, sold and conveyed their entire stock of goods, etc., and sixteen head of young cattle and calves, to Mathias Baltis, in consideration of the latter assuming the payment of certain specified notes, executed by Baltis & Baltis, as principals, and by Mathias Baltis, as their surety. Afterwards, the stock of goods was seized, under a writ of attachment, issued in this case, as the property of Baltis & Baltis. Mathias Baltis interpleaded, claiming the property.

If Mathias Baltis took a conveyance of the property for the purpose of enabling him to pay the notes, on which he was surety, and thus to protect himself, the purpose was an honest purpose, and the conveyance was good, as against the creditors of Baltis & Baltis. Brandt on Suretyship, sect. 213. And this, too, although Baltis & Baltis may have intended to hinder and delay their other creditors, in the collection of their debts, by making the sale and conveyance, and, although Mathias Baltis knew of such intention on their part, provided he did not participate in the said intent of Baltis & Baltis, and acted for the purpose of paying the notes and protecting himself. *Albert v. Besel*, 88 Mo. 150.

The court tried the issues on the interplea in accordance with this theory. The judgment is, therefore, affirmed. All concur.