Morgan v. Wood.

GEORGE B. MORGAN, Respondent, v. HENRY WOOD, Interpleader, Appellant.

St. Louis Court of Appeals, December 3, 1889.

| 38 | 255 |
| 50 | 515 |
| 53 | 643 |
| 38 | 255 |
| 56 | 49 |
| 38 | 255 |
| 57 | 399 |
| 38 | 255 |
| 63 | 21 |

1. **Fraudulent Conveyances.** Gross inadequacy of the purchase price of property, transferred by an insolvent debtor in payment of, and for the purpose of preferring, a part of his indebtedness, is a badge of fraud.

2. **Practice, Appellate:** HARMLESS ERROR. Error in excluding evidence, which is merely cumulative, is not prejudicial, and will not warrant a reversal of the judgment.

3. **Practice, Trial:** BURDEN OF PROOF. When the pleadings of an attaching plaintiff, in proceedings on an interplea in an attachment case, admit a sale to the interpleader of the property in controversy, and charge that such sale was fraudulent, the party alleging the fraud has the burden of proof.

4. ———— : ————. Error, in requiring such interpleader to first proceed with his proof, is not cured by an instruction to the jury, declaring the burden of proving fraud to be on the party charging the fraud.

5. **Conveyances.** When property is transferred by an insolvent debtor in payment of, and for the purpose of preferring, certain of his indebtedness, mere knowledge by the transferee of a fraudulent intent on the part of the debtor will not invalidate the transfer ; but actual participation by the transferee in the fraud is essential.

6. ———. In a contest concerning the *bona fides* of the transfer, the value of the property at the time and place of sale is to be determined by its general market value; and, when the value of the property is increased by the use of the property in connection with a business or premises, such increased value is not to be considered, unless available to the purchaser.

*Appeal from the St. Louis City Circuit Court.*—Hon. JAS. E. WITHROW, Judge.

REVERSED AND REMANDED.

*Matthew R. Cullen* and *Andrew Mackay, Jr.,* for the appellant.

Instruction marked "A," as given by the court, on its own motion, should not have been given, and the court erred thereby. *Shelley v. Boothe,* 73 Mo. 74; *Albert v. Besel,* 88 Mo. 150 ; *Frederick v. Allgaier,* 88 Mo. 601; *Sexton v. Anderson,* 95 Mo. 373. The burden of proof under the pleadings was on the plaintiff to show that the sale to Wood was fraudulent, as, by his answer to the interpleader herein, he admits the sale by Preiss & Brooker to Wood, and the court erred in not requiring him to introduce evidence showing fraud, before the interpleader was compelled to proceed with his evidence. *Gatzweiler v. Sackmann,* 39 Mo. 91; *Albert v. Besel,* 88 Mo. 153; *Hazell v. Bank of Tipton,* 95 Mo. 64. The court erred in giving instruction number 5 on the part of plaintiff, to the effect that, if it was the plan, intention or purpose of the interpleader, in procuring the bill of sale from Preiss & Brooker, to apply any part of the proceeds of the property described therein to the payment of indebtedness of said firm to any other

Morgan v. Wood.

than the individual demand of said interpleader, the sale was fraudulent. *Coffin Co. v. Rubleman*, 15 Mo. App. 280; Bump on Fr. Conv. 237; *Zwisler v. Storts*, 30 Mo. App. 164. Instruction number 6 for plaintiff should not have been given. By this instruction the jury were told that the value of the property embraced in the bill of sale, at the time and place where situated, was the true criterion of such value. *Snyder v. Blair*, 33 N. J. Eq. 209; *County of Essex v. Lindsay*, 3 Atl. Rep. 397; *Kent v. Whitney*, 9 Allen, 62; *Campbell v. Wordsworth*, 20 N. Y. 499; *Brigham v. Evans*, 113 Mass. 540.

*Geo. M. Stewart*, for the respondent.

There was ample testimony to be submitted to the jury on instructions, and the only real questions which are presented by the appellant's argument are the propriety of some of these instructions. Appellant evidently declines to have the instructions given, considered as a whole, and hence discusses them separately and attempts to apply the authorities to each as if it were the only instruction the jury had before it. The rule is so well settled in this state that all the instructions are to be considered together that no authorities on that point will be cited. Taken altogether and with reference to the fact in this case, that the property transferred to the interpleader greatly exceeded the indebtedness preferred, these instructions were proper. *McNichols v. Rubleman*, 13 Mo. App. 515, 520.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff brought suit by attachment against Preiss & Brooker, and the sheriff seized under the writ certain personal property, as property of the defendants in the attachment. Henry Wood, claiming the property by prior sale from Preiss & Brooker, filed his interplea

under the statute, and thereafter such proceedings were had, that, upon the trial of the interplea, judgment was rendered in favor of the plaintiff. Hence this appeal.

The interpleader assigns numerous errors, all of which, but three, relate to the action of the court in giving and refusing instructions. The three other assignments are that the verdict is unsupported by evidence; that the court erred in ruling that the burden of proof was on the interpleader, and further erred in excluding competent and relevant evidence offered by him.

The record is very voluminous, but for the purpose of passing on the questions of law presented, the following synopsis of the evidence is deemed sufficient. The plaintiff gave evidence tending to show that Preiss & Brooker were his tenants, and indebted to him for rent of certain premises occupied by them in the sum of four hundred dollars and more, at the date of the bill of sale hereinafter referred to; that the property sold by Preiss & Brooker to the interpleader consisted of two horses and harness, two wagons, boiler, engine, furnaces and pipes, safe, furniture, counter, shelving, linoleum, table and kitchen ware, and other like property used by them in their business, which was that of caterers and confectioners, and was carried on on the premises let; that the property in place on the premises was worth to any one who desired to carry on the business two thousand dollars, and that plaintiff would have paid that amount for it.

The plaintiff also gave evidence tending to show, that the interpleader knew at the date of the sale that Preiss & Brooker were indebted to him and to others; that immediately after the sale the interpleader began to remove the property including boiler and furnace, and was engaged in such removal day and night; that the property was shortly after the sale attached by other creditors of Preiss & Brooker, as well as by plaintiff, and that the interpleader claimed it in each

Morgan v. Wood.

attachment, stating the value of the property in one attachment at seven hundred dollars, and in the other at nine hundred dollars, and in a third at one hundred and fifty dollars, making the aggregate valuation equal to seventeen hundred and fifty dollars.

On the other hand, the interpleader gave evidence tending to show, that he was president of a milk company, and had advanced to Preiss & Brooker, long anterior to the bill of sale, one thousand dollars in cash; that besides this amount, which they owed to him individually, they owed to the milk company the sum of six hundred dollars; that, a day or two preceding the plaintiff's attachment, Preiss & Brooker executed to him a bill of sale of the property hereinabove mentioned in consideration of the sum of nine hundred dollars, which amount he credited upon their note; that no inventory was taken at the time, but that the owners stated to him what the articles cost, and the sum of nine hundred dollars was agreed on as a fair valuation of the property in its then condition; that he had no expectation that the property would bring more than nine hundred dollars, but that, if it did, it was his intention to apply the surplus, first, to the balance remaining due to him, and the residue to the debt due the milk company, although there was neither agreement, nor understanding to that effect. The interpleader also gave evidence tending to show, that he made the affidavit in the attachment suits under the advice of his attorneys, believing at the time that all the attachments covered the same property, so that the nine-hundred-dollar claim would cover all, and that the seven-hundred-dollar and one-hundred and fifty-dollar claims would cover part of it; that machinery and fixtures greatly depreciate in value, when removed from the premises to which they are attached; that the entire property conveyed to him was not in his opinion worth more than nine hundred dollars at the time, and that the property

levied on by the plaintiff, being the greater part of the property conveyed to him in value, was sold at sheriff's sale for five hundred and twenty-nine dollars and ten cents. He also gave evidence tending to show that the removal of the property in the night time was due to the accidental stalling of the teams.

The complaint, that the court erred in excluding evidence offered by the interpleader, furnishes no ground for disturbing the judgment. The court did exclude some evidence bearing on the interpleader's understanding of the meaning of the affidavits of claim, but the evidence thus excluded was merely cumulative, and its exclusion, at most, was harmless error. The testimony of the witness Preiss, offered for the purposes of contradicting plaintiff's testimony on a matter irrelevant to the issues, was properly excluded.

Nor is the error well assigned, that the verdict is unsupported by the evidence, as there was substantial evidence of a gross inadequacy of price in the sale made, and such fact in itself, if established, was a badge of fraud. *Curd v. Lackland*, 49 Mo. 451.

The property was attached in the possession of the interpleader, and the plaintiff's answer to his interplea admitted a sale to him, but claimed that the sale was in fraud of the plaintiff as a creditor of Preiss & Brooker. The interpleader claimed that, under these circumstances, the burden of proof was on the plaintiff in the attachment to show fraud in the sale, but the court ruled otherwise and required the interpleader to proceed with his proof in the first instance, to which action of the court the interpleader excepted. This was unquestionably error, since the interpleader was not required to establish by evidence that the sale to him was valid before its validity was challenged by some evidence of fraud. He was entitled to rest on the general proposition that fraud is not to be presumed in any case, but must be established by the party claiming its existence. *Albert v. Besel*, 88 Mo. 150.

The plaintiff contends that, conceding that this was error, the interpleader was not prejudiced thereby, because the court at the close of the evidence instructed the jury, that the burden of proof to show that the sale was fraudulent was upon the plaintiff, and that the error was thus remedied, and the interpleader had the additional advantage of the opening and closing. In this view we cannot concur. Error is presumed to be prejudicial, and he who claims that it is not must show that it was not. In cases of sale both parties depend for their evidence on the testimony. of parties to the transaction, and of those cognizant of surrounding circumstances. If the party challenging the sale calls such persons, he makes them his witnesses and vouches for their credibility; if the vendee calls them the plaintiff is at liberty to impeach them. That the plaintiff by thus shifting the burden of proof in the first instance gains an unfair advantage seems plausible; that this advantage is not lost by the instruction of the court at the close of the case, that the burden of proof is with the plaintiff, is evident.

This brings us to the instructions, which have to be taken together, in order to determine whether the interpleader has any just cause of complaint, either for the giving or refusing of instructions. For the sake of convenient reference, we attach to the instructions our own numbers. The court charged the jury as follows:

"1. The law presumes that the sale, from Preiss & Brooker to Woods, interpleader, to have been honestly made, and for a valuable consideration, and the burden of proof, to show that the sale was contrived by, and between, Preiss, Brooker and Wood, with the intent to hinder, delay or defraud plaintiff, or the creditors of Preiss & Brooker, is with, and rests upon, said Morgan, as such plaintiff.

"2. The court instructs the jury that, while the law declares every sale or assignment, which is made

with intent to defraud, or hinder or delay creditors in the collection of their debts, void; still, such sale or assignment will not be void against the purchaser, Wood, unless he knew, or had reasonable cause to believe, that the sale was made by Preiss & Brooker, with intent to defraud their creditors, or to hinder or delay them in the collection of their debts.

"3. The jury are instructed that, although it is incumbent on the plaintiff, George B. Morgan, in this cause, to prove fraud on the part of the firm of Preiss & Brooker, and Henry Wood, such as is stated in the instructions given; they are further instructed that such proof need not be of a direct and positive character, but may be gathered from surrounding circumstances, if any, indicative of a design, on their part, to hinder, or delay or defraud any of the creditors of the said Preiss & Brooker.

"4. The jury are instructed that, while a debtor has the right to sell and transfer to any of his creditors a sufficient portion of his property to pay him, or them, their just debt, or debts, to the exclusion of his other creditors, yet such transfer must be made in good faith, and for that purpose only, and such debtor cannot, in such disposition of his property, sell or transfer more in value than is reasonably sufficient to pay such debt. If, therefore, you believe, and find, from the evidence, that the firm of Preiss & Brooker, under the pretense of preferring Henry Wood, as a creditor, transferred and sold to him their property, exceeding in value the amount due to said Wood, with the intent thereby to hinder, delay or defraud their other creditors, and that said Wood took such other property, with the knowledge of such intent, then the jury are instructed that such transfer and sale was void, as to the other creditors of said Preiss & Brooker, and you will find a verdict for the plaintiff, George B. Morgan.

"5. If the jury believe, and find, from the evidence, that the sale, made by the firm of Preiss & Brooker, to Henry Wood, of the property in question, was made and contrived with the intent to hinder, delay and defraud the creditors of said Preiss & Brooker of their lawful actions, debts and demands, and said Wood had notice of, or knew of, such intent, on the part of said Preiss. & Brooker, and was a party to, and participated in, such fraud, then the jury are instructed that such sale was void, and that they will find a verdict in favor of plaintiff Morgan.

"6. Although the jury may believe, and find, from the evidence, that there was a sale of the property in question, made by Preiss & Brooker to Henry Wood, for a valuable consideration, yet if the jury further find, from the evidence, that there was any design, on the part of said Preiss & Brooker, and the said Henry Wood, to hinder and delay the creditors of said Preiss & Brooker, said sale was fraudulent and void.

"7. If the jury find, and believe, from the evidence, that, in procuring the bill of sale, offered in evidence, it was the plan, intention or purpose of said Wood to apply any part of the proceeds of the property, described therein, to the payment of any indebtedness of the said Preiss & Brooker, other than the individual demand of the said Wood, then said sale was fraudulent, as against the creditors of said Preiss & Brooker, and the jury should find against the said Wood.

"8. The jury are instructed that, in arriving at the value of the property included in the bill of sale, from Preiss & Brooker to Henry Wood, of March 5, 1886, which has been offered in evidence, they should, from the evidence, ascertain its value, at the date of such sale, at the place where it was then situated."

Instruction 1 was given upon the interpleader's request; instruction 2 was given by the court, of its own

motion, and the residue of the instructions upon the plaintiff's request.

Under the settled law of this state, the question whether the transfer of property made to a creditor in payment or part payment of an antecedent debt is voidable for fraud at the instance of other creditors, is affected by different considerations than those which affect the validity of a sale upon a new consideration. In the latter event the sale is voidable, if the purchaser knew of the fraudulent intent with which it was made, in the former mere knowledge of such intent on part of the preferred creditor is not sufficient to avoid the sale; but to work such result an actual participation in the fraud is essential. It is not for us to assign reasons for this distinction, as our province is to declare, and not to make the law. It suffices to say that the distinction has been made in numerous decisions of the supreme court. *Shelley v. Boothe*, 73 Mo. 74; *Albert v. Besel*, 88 Mo. 150; *Frederick v. Allgaier*, 88 Mo. 601; *Sexton v. Anderson*, 95 Mo. 373, 379.

Applying the law thus stated, and it is evident that instruction two given by the court of its own motion was an erroneous misdirection of the jury, and that the interpleader was entitled to the following instruction, in lieu whereof instruction two purports to be given.

"9. The jury are instructed that although they may believe from the evidence that Preiss & Brooker may have intended to hinder and delay or defraud their creditors, by the sale of the property in question, to Wood, this does not affect the right of said Wood under said sale, unless they further find that said Wood, knowing such intention on the part of said Preiss & Brooker intended by such purchase to aid and assist them in so defrauding their creditors, and not to honestly secure his own debt."

This error was not cured by any other instruction given, and is one which demands a reversal of the judgment.

We must also conclude that instruction eight, under the facts of the case, was erroneous and misleading, as the value of the property was not necessarily its value at the place where it was then situated. The rule is that the value of the property is to be determined by the time and place of sale; but by place, the market place is meant, and not the particular situation of the property within the market, which to the purchaser may be of no advantage at all. When property derives additional value from being attached to certain premises, or from being used in connection with a certain business, it is fair to submit the question to the jury whether such additional value was available to the purchaser; but to charge him with it, whether it is available to him or not, is an untenable legal proposition and clearly erroneous.

Nor can we see any warrant for instruction seven, either in law or fact. What the intention, plan and purpose of Wood was, touching any possible surplus, was wholly immaterial, since there is no pretense in the evidence that any part of such possible surplus was by agreement to be paid to the debtors of either of them, so as to make the conveyance voidable on the ground that it was for their use in whole or in part.

In view of a retrial of the cause, we may add that several of the other instructions asked by the interpleader might have been given with propriety, even though their refusal may not necessarily be prejudicial error.

For the errors above stated, the judgment will be reversed, and the cause remanded. All the judges concur.