LOUIS F. KLOSTERMANN, Respondent, v. FRED. A. KAGE, Appellant.

**St. Louis Court of Appeals, January 21, 1890.**

1. **Promissory Notes:** WAIVER OF DEMAND AND NOTICE. An endorser of a note, by making an unconditional promise of payment, or an offer to confess judgment, waives the defense arising from the holder's failure to make due demand from the maker; but advice from the endorser to the holder to sue the maker, accompanied by a promise to pay the costs of suit does not warrant a finding of such waiver.

2. **Practice, Appellate:** JUDGMENT UNSUPPORTED BY EVIDENCE. When a judgment is unsupported by substantial evidence, it will, if sought to be vacated on that ground, be reversed on appeal.

*Appeal from the Cape Girardeau Circuit Court.*—HON. H. C. O'BRYAN, Judge.

REVERSED AND REMANDED.

*Robert L. Wilson,* for the appellant.

An endorser, after the dishonor of a note, when there has been no demand of payment and no notice of non-payment, may bind himself by a subsequent promise to pay. But the plaintiff must go further and prove knowledge on the part of the defendant of the fact that the plaintiff had not made demand of payment at the maturity of the note. 1 Parsons on Notes and Bills, pp. 442, 594, 601, 622, 624, 625, 626; *Salisbury v. Renecke,* 44 Mo. 554; *Wilson v. Huston,* 13 Mo. 146, side p. In the case at bar there was no promise of the payment of the note. Kage merely suggested the advisability of suit, and promised to pay the costs. The evidence was insufficient to establish a waiver; a verdict, based on mere conjecture, cannot stand. *Tailer v. Furn. Goods Co.,* 14 Mo. App. 420.

*Sam. M. Green,* for the respondent.

It is settled in this state, when no demand or notice of dishonor has been made, that an agreement to pay, after maturity with a full knowledge of all the laches, is binding. *Pratt v. Hanley,* 1 Mo. 35; *Meuse v. Osborn,* 5 Mo. 544; *Wilson v. Huston,* 13 Mo. 146; *Dorsey v. Watson,* 14 Mo. 59; *Clayton v. Phipps,* 14 Mo. 399; *Salisbury v. Renecke,* 44 Mo. 554; *Harness v. Davis Co.,* 46 Mo. 357; *Kaiser v. Niel,* 9 Mo. App. 590; *Dyas v. Hanson,* 14 Mo. App. 364. No person will be allowed to adopt that part of a transaction which is favorable to him, and reject the rest to the injury of the one from whom he received the benefit. *Austin v. Loring,* 63 Mo. 22.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action upon a negotiable promissory note by the endorsee against the endorser. The petition does not allege a demand at maturity, but states a demand at divers and sundry times of the maker, and the maker's refusal to pay, also that the defendant had notice of these facts, and waived demand and protest.

The answer of the defendant sets up the failure of demand and notice, and denies that defendant ever waived either demand or notice; it also pleads a former recovery and payment, but, as the last two defenses wholly failed, it is unnecessary to notice them.

The note sued on bears date February 16, 1878, and was payable four months after date. It was transferred by the defendant to the plaintiff before its maturity. There was no demand made upon the maker at the date of its maturity, nor does it appear that the defendant ever waived such demand before maturity, or thereafter, unless the subsequent promise to pay, which the court found the defendant made to the plaintiff, dispensed with demand and notice.

The case was tried by the court sitting without a jury, and the trial resulted in a judgment for plaintiff. The only question presented by this appeal is, whether, the above facts being conceded, there is *any substantial* evidence warranting the judgment.

As far as the evidence shows, the first conversation, which the plaintiff and the defendant had after the maturity of the note, was in 1882, more than four years after its maturity. The defendant then learning (as he claims), for the first time that the note remained unpaid, told the plaintiff "he had better sue on it," or, as the plaintiff states it, "Kage came to me and requested me to sue on the note before John J. Moore, justice of the peace, and said he would pay the cost of the suit." The plaintiff, thereupon, did sue the maker by summons, and the justice entered a judgment against the maker, and also against the defendant who was not summoned. The docket entry of the justice recites that the defendant Kage confessed judgment. An execution, which issued on this judgment against Kage, was subsequently quashed by the circuit court of Cape Girardeau county on the ground, that "the judgment of the justice herein as to defendant F. A. Kage is null and void on its face." Upon the present trial, the defendant testified that he did not know how the judgment by confession came to be entered, and that he was neither summoned nor present at the trial. It did not appear in any manner that he had authorized it.

These being all the facts, we must conclude that they furnish no evidence either direct or inferential of a promise on part of the defendant, made after maturity of the note, to pay the same, or any part thereof. His request to the plaintiff to sue the note was, according to the plaintiff's own statement, accompanied with a promise *to pay the costs of suit, and not the note.* To the extent of the costs incurred, the plaintiff may claim an estoppel, but no farther. It appears that the plaintiff

himself did not treat the request as one to sue both parties to the note, as he sued the maker only. The words "sue the note," or "you had better sue it," do not admit of the meaning "sue me, and I will pay the note;" and neither court nor jury can draw inadmissible inferences from expressions used.

Neither the plaintiff, nor the defendant, gave any evidence authorizing the inference that the defendant had agreed to confess judgment, and the justice, who made the entry, and who probably could have explained how he came to make it, was called by neither party.

The law, that an unconditional promise to pay after maturity is evidence of, or an implied waiver of, demand and notice, is well settled. Whether one or the other is immaterial, as the practical result is the same. An offer to confess judgment is a distinct admission of liability, which has been held in several cases to have the same effect as a promise to pay. We have no other fault to find with the instructions given by the court, except that they had no evidence to rest upon.

As we have repeatedly decided that a judgment unsupported by substantial evidence cannot stand, if sought to be vacated on that ground, upon appeal, we must reverse the judgment. All the judges concurring, the judgment is reversed and the cause remanded.