THE PETERS-MILLER SHOE COMPANY, Respondent, v. E. R. CASEBEER, Defendant; JAY J. SMYTH, Interpleader, Appellant.

St. Louis Court of Appeals, April 18, 1893.

1. **Hearsay Evidence:** DECLARATIONS OF VENDOR. The declarations made by the vendor of personalty in the absence of the vendee are not competent evidence against the vendee, when it does not appear that they were made before the sale and delivery of the property, and there is no evidence that there was a conspiracy to defraud between the declarant and the vendee, and that they were made in furtherance thereof.

2. **Fraudulent Conveyances:** BURDEN OF PROOF: SUFFICIENCY OF THE EVIDENCE. Fraud must be shown by direct or circumstantial evidence, and the burden of proving it is upon the party alleging it. And held in this cause, wherein the validity of a preference given by an insolvent to one of his creditors was attacked by his other creditors, that the evidence was insufficient to support a verdict finding the transfer to have been fraudulent.

*Appeal from the Wayne Circuit Court.*—HON. JAMES F. GREEN, Judge.

REVERSED AND REMANDED.

*Johnson & Edwards,* for appellant.

*Charles D. Yancey,* for respondent.

BOND, J.—An interplea was filed in this cause, claiming certain goods seized under attachment sued

out by the respondent against E. R. Casebeer. There was a verdict in favor of respondent on the trial, from which the interpleader, Jay J. Smyth, appeals. He assigns for error that there was no substantial evidence on which to rest the verdict; errors in the admission of the testimony, and error in permitting the sheriff to summon the jury. The evidence to which appellant excepted was that of the witnesses, who testified as to the declarations of the alleged fraudulent grantor of the interpleader in the absence of the latter. These declarations were competent, if made before the sale and delivery of possession of the goods, as bearing on the intent of the declarant, though not competent as to the intent of the grantee (interpleader) without showing any knowledge of them on his part, or that there was any conspiracy between him and the declarant to commit a fraud, and that the declarations were made in the furtherance of such conspiracy. *Farrar v. Snyder*, 31 Mo. App. 93, 98; *Albert v. Besel*, 88 Mo. 150. As the record fails to show they were made within these limitations, their reception was error. There was no error in permitting the sheriff to summon the jury for the trial of this interplea.

The remaining assignment of error requires us to review the evidence. The testimony in substance was, that on March 9, 1891, Casebeer, the defendant in the attachment suit, was heavily indebted to the interpleader, Jay J. Smyth, and, in payment of $12,500 of that indebtedness, executed a bill of sale to said interpleader covering the attached and other personal property; and that the vendee (interpleader) took actual possession of the property, and posted over it notices to the effect that he had bought it under said bill of sale, and put his agent in charge of the store to conduct the business there for himself. At the same time

Casebeer made a deed of twenty-eight thousand acres of land to said interpleader. The value of this land was shown to range from eighty cents to $1.25 per acre. This land was subject to a first mortgage at that time for $25,000, and to a second mortgage to the interpleader for $9,000. Casebeer also owed the interpleader other money amounting to $4,500 or $5,000. Casebeer's total indebtedness to the interpleader at the time of the making of the deed and bill of sale was thus testified to by him: "Besides the $9,000 I loaned him, for which I took a second mortgage on the land, he owed me at the time of making the bill of sale to me $8,100 in notes which I held against him for money advanced at different times; $900 for which he was to give me his note, but did not; $450 paid out for taxes for him; $1,510 interest on money loaned him; $125 I paid Wallace for him; $200 I paid for corn he got; $60 I paid to Mr. Duncan, whom he owed; $5,000 in notes I guaranteed for him in St. Louis; making in all he owed me $28,345. The value of the property transferred to me in the bill of sale Mr. Casebeer thought $15,000. I thought it did not exceed $10,000. We compromised on $12,500. After his transfer to me of all his property and lands, he was and still is in my debt."

About ten days after these transactions between Casebeer and the interpleader, the respondent sued said Casebeer and attached certain of the goods embraced in the bill of sale to the interpleader, who was in the possession of the property attached at the time of its siezure, and who subsequently interpleaded in said attachment cause, claiming the goods by virtue of said bill of sale and delivery of possession thereunder. The respondent answered said interplea, alleging fraud and other defenses. He introduced no evidence tending to disprove the existence of the indebtedness from Casebeer to the interpleader, nor controverting the fact of the

possession by him of the property under the bill of sale from Casebeer at and before the levy of the attachment. Nor was there any substantial evidence that more property was bought by the interpleader than was reasonably necessary to pay his indebtedness against Casebeer. Nor did the evidence tend to show that the interpleader was a party to, or cognizant of, any scheme or fraud on the part of Casebeer against his creditors.

After a careful examination of the evidence in this case we are wholly unable to find any facts or circumstances tending to prove that the interpleader herein did any more than a prudent and diligent person would do to secure a large indebtedness due from an embarrassed debtor. If there was any evidence tending to prove that the debtor intended to cover up his property, there is no fact or circumstance pointing to a knowledge on the part of the interpleader of such intent. The rule is that fraud must be shown either by direct or circumstantial evidence, and the burden of proof is upon the party alleging it on the trial of an interplea, where the pleadings disclose that the title of the interpleader is attacked on that ground. *Morgan v. Wood*, 38 Mo. App. 255, 260; *Albert v. Besel*, 88 Mo. 150.

The only evidence in this record which tended to point to the question of intent was that of the witnesses, testifying to the declarations of Casebeer made in the absence of the interpleader, and without any showing of his knowledge or authority.

In the instructions of the trial court the jury were distinctly told that the ground of the reception of this evidence was its relevancy as to the intent not of the interpleader but of his grantor. This instruction was erroneous. The evidence was under the facts shown not admissible for any purpose. The jury returned a

verdict against the interpleader without any tangible or substantial basis in this record for its support. Such a finding cannot stand. *Klosterman v. Kage*, 39 Mo. App. 60. It results, therefore, that we are constrained to reverse the judgment in this cause, and remand it for a new trial. All concur. Judge BIGGS in the result. So ordered.